## HAAS v PACIFIC MUTUAL LIFE INS. CO. OF CALIFORNIA et

Ohio Appeals, 2nd Dist, Franklin Co

No 3370. Decided Nov 22, 1941

Power & Barton, Columbus, for plaintiff-appellant.

Lawrence R. Stanley, Columbus, and Ashley M. Van Duzer, Cleveland, for defendant-appellee.

## OPINION

By GEIGER, PJ.

This matter is before this court upon appeal from a final order of the Court of Common Pleas under date of January 30, 1941, wherein the demurrer to the second amended petition, filed by the plaintiff, was sustained as to the second and third cause of action.

It is further ordered,

"It appearing to the court that the plaintiff does not desire to plead further and setting up only a claim for interest in the amount of $101.25, it is ordered that the second amended petition be and the same hereby is dismissed. Judgment is accordingly rendered to the defendant for its costs."

Notice of appeal was filed on February 18th, 1941.

The second amended petition is of considerable length and we shall endeavor to make as short a statement as will show the issues presented. The amended petition recites thirty paragraphs of claimed facts in addition to formal allegations.

It is alleged that the defendant's predecessor (called the old company) was an insurance company under the California laws; that the new company is a corporation under California laws which has assumed the liabilities of the old company; that on April 16, 1929, the old company issued a policy to the plaintiff insuring him against disabilities and provided for the payment of benefits in the event he became disabled through sickness or otherwise; that on April 15, 1933, the plaintiff became and has since been totally disabled; that the old company paid plaintiff $300.00 monthly to February 15, 1934, and $150.00 monthly for March and April of that year but paid him nothing further until March 16, 1935, when it acknowledged its liability to plaintiff and paid the total amount of arrearages to which plaintiff was entitled.

It is alleged that when the policy was issued the old company knew that the reason for which the plaintiff entered into the contract was to enable him, in the event of disability, to have an income with which to maintain his life insurance policy in another company and that the contract was entered into and known to accomplish this particular purpose. It is recited that the plaintiff had a life insurance policy in the face amount of $25,000.00 upon which $111.75 premiums became due on October 15, 1934, which the plaintiff could not pay for lack of funds and that the plaintiff was required to allow the policy to lapse to his damage in the sum of $25,000.00.

It is alleged that the old company knew of the financial condition of the plaintiff and that he could not pay his life insurance premium except through monthly payments to him of $300.00; that the plaintiff was compelled to submit to medical examinations by duress and, for lack of his insurance payments was required to make var-

ious trips in order that he and his family could live with friends and relatives, to his damage in the sum of $1,868.60.

The foregoing is the summary of the first cause of action which the court disposes of as in the entry above alluded to, stating that the substance of the petition was a claim for $101.25.

In the second cause of action it is alleged that his wife sustained serious impairments of her health in a nervous breakdown by reason of which plaintiff lost her services and was compelled to employ household help to his damage in the sum of $10,000.00.

The third cause of action is to the effect that plaintiff's wife suffered impairment of her health in the sum of $5,000.00 and has assigned her claim to plaintiff.

The plaintiff admits that the full amount due and payable to him under the policy have been paid and that he is still receiving $300.00 a month. His complaint is that the old company, for a period of approximately a year, did not pay him $300.00 a month but instead made him a lump sum payment of approximately $3600.00 at the end of the year and the plaintiff claims damages because of the delay in the following sums and for the following reasons:

$25,000.00—Plaintiff unable to pay premium of $111.75 on life insurance policies in the face amout of $25,000.00.
$ 1,868.60—Damages incident to examinations required by Old Company and incident to taking his family to friends and relatives who would keep them.
$25,000.00—Mental pain and anguish affecting his physical condition.
$10,000.00—Loss of services of his wife.
$ 5,000.00—His wife's health was impaired which claim she assigned to plaintiff.
$66,868.60—Total damages.

As stated by Counsel for plaintiff-appellant the sole question presented is whether an insurance company can be held liable as upon a breach of contract for damages in amounts in excess of the insured benefits contracted for because the company, through its agent, knew of the special purpose to which the insured contemplated applying any disability payments to which he might be entitled and thus contracted with reference thereto or because of general averments of fraud, malice, bad faith and the like.

Defendant's contention is as follows: the only damage for the breach of contract is the amount contracted to be paid with interest from the date of breach; no further or other damages are recoverable even though there be averments that the parties contracted with reference to special damages or averments of fraud and malice.

At the risk of some repetition we epitomize the plaintiff's claim as set forth in his second amended petition to the effect that on April 16, 1929, he entered into a contract with the defendant for a non-cancellable income insurance policy for the consideration of an annual premium of $99.00 whereby the Company agreed to pay plaintiff $300.00 per month during disability commencing while said contract was in full force and resulting in continuous necesary and total loss from sickness. The gist of plaintiff's claim is that he entered into said contract with a predecessor of the present defendant, which assumed the responsibility of the original insurance company to insure him against loss on account of disability arising from sickness; that while this contract was in force the plaintiff became totally disabled and lodged with the company a claim for compensation in accordance with the terms of the contract; that the company over a long period refused to pay him the compensation called for by the contract and sought by unreasonable demands and delays to compel the plaintiff to accept a compromise of his claim against the company. He recites at great length the action of the company in its attempt to free itself from the obligation that the contract im-

posed upon it, which plaintiff claims would be, if carried out in accordance with the terms of the contract, productive during his lifetime of an income to him of over $100,000. The plaintiff claims that he had a regular life insurance policy for $25,000.00 which required an annual premium of $111.75; that due to the delay of the defendant he was compelled to allow this policy to lapse to his claimed damage of $25,000.00.

He recites at great length frequent examinations that he was compelled to submit to by the demand of the defendant which imposed upon him a total expense of $1868.60.

He also alleges that due to the defendant's action he suffered mental pain and anguish affecting his physical condition for which he asks damages in the sum of $25,000.00. He asserts that due to the action of the defendant his wife's health was impaired to her damage in the sum of $5000, which claim he asserts has been assigned by his wife to him. He repeats many times that the defendant's action was an attempt to force him to accept a compromise of his claim and that he was compelled to seek aid from the Superintendent of Insurance of the State of Ohio, claiming that the Superintendent finally, upon investigation, threatened the defendant with denial to do business in the State of Ohio unless it settled with the plaintiff in accordance with the terms of the policy. His petition describes a long battle of negotiation between himself and the defendant wherein he steadfastly refused any compromise of the terms of the policy and that ultimately the defendant paid him in full all sums of money that were due and is now paying the monthly benefit of $300.00.

The substance of his claim is that due to the acts of the defendant, as above sketched, he suffered the losses enumerated.

The plaintiff has filed an assignment of errors to the effect that the lower court erred in sustaining the demurrers and dismissing the plaintiff's petition upon the plaintiff's statement that he did not desire to plead further and did not desire to assert a claim for $101.25 interest. He asserts in his assignment of errors that the scheme of the defendant-appellee alleged in the second amended petition, showed fraud on its face and that the appellees are liable in special damages upon their failure to pay the money on time; that the court erred in holding generally that the only damages for the alleged failure is the payment of interest for the reason that the facts alleged would prove wilful and wrongful acts upon the part of the defendant-appellee.

The original petition was demurred to and the demurrer sustained, whereupon the first and second amended petitions were filed and demurrers thereto sustained. Each of the three decisions sustaining the demurrers was arrived at by a different judge of the Court of Common Pleas, two of whom filed opinions sustaining their decisions.

The nub of the matter is that the plaintiff asserts a claim against the defendant to the effect that the defendant's strenuous opposition to paying the claim under a contract of insurance resulted in incidental damages to him in the sum of $66,868.60 in addition to which he asserts his right to be paid under the terms of the contract $300.00 a month during his lifetime, or continual total disability.

Counsel for plaintiff have cited a number of cases in which courts have held that the failure to pay money under certain conditions gave rise to a cause of action in addition to the recovery of the money. We have examined these cases and can not bring ourselves to the view that the plaintiff is in the position of any of the litigants in the cited cases.

He simply stood as one seeking to enforce a contract against the insurance company. The company had a right to negotiate for a settlement of his claim and a right in good faith to delay payment of the claimed monthly benefit of $300.00 even though such a denial reduced the plaitiff to the alleged condition arising from lack of

314

finance and rendered him unable to pay his premium on his $25,000 insurance. This is so even though the plaintiff's claim is established that this was the purpose of the policy so known to the company. The insurance company could assume no such obligation. Its liability was limited to the terms of the policy. On the other hand the plaintiff had a right to bring an action as soon as the company defaulted.

As to his claim for $25,000.00 for mental pain and anguish affecting his physical condition, mental pain and anguish is incident to any controversy by which the plaintiff is denied as prompt payment of his claim as he might regard as his just dues. He asserts a claim of $10,000.00 for loss of services of his wife, but counsel has cited us no case in which such claim could arise out of the conditions plead. His wife, no doubt, was in sympathy with him in his claim against the insurance company and no doubt worried because of the delay, but that is a matter incident to any law suit. Plaintiff also asserts a claim of $5,000.00 for impairment to his wife's health, which claim she assigned to the plaintiff. Counsel does not submit any authority justifying the allowance of this claim.

Three Common Pleas judges for whose learning we have profound respect have passed upon the questions here presented to us and each has rendered judgment sustaining the defendant's demurrer to the plaintiff's petitions, the original and the two amendments being substantially identical.

We are not inclined in any way to depart from the judgment of the court below. We believe that the judgment there rendered was correct.

Judgment of the court below sustained.

BARNES and HORNBECK, JJ., concur.