In this case Judge Sam A. LeBlanc recused himself and the Court appointed E.S. Muse, Judge Ad Hoc.
Plaintiff alleges in his petition that the defendant, Mrs. Ernestine Sims, is the agent of the Massachusetts Bonding and Insurance Company; that he held a policy of insurance written by said agent in said company covering his automobile truck, when on October 6, 1944, his said truck was involved in an accident in the town of Thibodaux, La., while he was driving his truck in said town, causing damage to the automobile truck which collided with his truck, and which truck was owned by the town of Thibodaux; that he notified Mrs. Sims of the collision and she assured him that the insurance company would take care of the matter and he need not worry about it; that he later received a statement from said town for $11.78 to cover the cost of repair made on the damaged truck, and immediately turned over this bill to Mrs. Sims, and she again assured him that he should not pay any attention to the matter as the insurance company would take care of it.
Plaintiff further alleges that a month or so after turning this bill over to Mrs. Sims, the sheriff of Ascension Parish interviewed him at the request of the City Chief of Police of Thibodaux and advised him that the town only wanted the bill paid to cover the damage to the truck, and he again notified Mrs. Sims of the status of the matter and she again assured him that the insurance company would take care of the matter and for him not to pay the bill; that a short time thereafter he was arrested and taken to Thibodaux and tried for driving the wrong way on a one-way street, and fined in the City Court the sum of $100.
Plaintiff alleges that the failure of the insurance company and its agent to take care of the bill was the cause of his arrest and being fined; that because of his arrest he was caused to suffer humiliation and annoyance, and he brings this suit to recover from both defendants, in solido, the following items of damage: $1000.00 for humiliation and annoyance caused by his arrest and trial; $100.00 for the fine he was required to pay; $10.00 expense incurred in attending the trial in Thibodaux; $50.00 attorneys fees, and the sum of $11.78 due the town of Thibodaux for the damage done to the town truck, a total of $1171.78. *Page 712 
An Exception of No Cause and No Right of Action was filed by both defendants, and this exception was sustained by the Court, and suit dismissed. Plaintiff has appealed.
It is clear that the plaintiff is basing his action on the alleged damage which he sustained because the defendants did not comply with their agreement to pay to the town of Thibodaux the damage to its truck resulting from the collision with the plaintiff's truck, which latter truck was covered by a liability policy written by Mrs. Sims for the insurance company; that he would not have been prosecuted and fined by the town authorities of Thibodaux had the small bill of $11.78 been paid by the insurance company.
Accepting as true all of the well-pleaded allegations of facts in the petition, we fail to see how these defendants could be held liable for these items of alleged damages.
[1] In the first place, assuming that plaintiff could prove that the policy which he held provided for the payment of damages caused by the operation of his truck, and the agent did assure him that this damage would be paid by the insurance company, and for him not to worry about the matter, all this would only show a breach of contract on the part of the insurance company in failing to comply with its contract of indemnity, and a failure of the agent either to present the claim, or her failure to inform him that the company denied any liability. At most this could only be a breach of contract, and the alleged damages sustained by reason of the arrest and fining of plaintiff by the town authorities were too remote for it to have been reasonably contemplated by the parties.
[2] As a general rule, there is no liability in tort for the violation of a contract, particularly where the damages resulting from such violation could not reasonably have been within the contemplation of the parties.
[3] And in the second place, if, as alleged, plaintiff was prosecuted and fined because he failed to pay the bill of $11.78, such action on the part of the town authorities was contrary to public policy, and plaintiff cannot invoke the aid of the Court to collect damages where to do so would put the stamp of approval on such action. Moreover, if plaintiff was guilty of violating a town ordinance of Thibodeaux, he has no cause for complaint for damages which resulted from his own act.
[4] Plaintiff seeks to hold the defendants on the ground that they undertook to attend to his business, i. e., agreed to pay the damage to the town truck, and they failed to attend to the matter in a proper manner, and for that reason they are liable for the resulting damage under the principle of negotiorum gestor. He refers to Articles 2295 and 2298 of the Civil Code for his authority. There is not the semblance of the principles of negotiorum gestor set up in plaintiff's petition; defendants never undertook to keep plaintiff from being prosecuted for an offense of which he does not even claim that he was innocent.
Of course, if plaintiff has any claim for indemnity under the policy which he alleges covered his truck, he is not precluded from asserting that claim under the contractual provisions of the policy. His present action is not for such indemnity, but is in the nature of a claim for a quasi offense.
Judgment affirmed at the cost of plaintiff, appellant herein. *Page 736