364 P.2d 856

**Edgar L. (Roy) MITCHELL and Beadle Mitchell, Plaintiffs-Appellees,**

**v.**

**INTERMOUNTAIN CASUALTY COMPANY and Western Acceptance Corporation, foreign corporations, Defendants-Appellants.**

No. 6841.

Supreme Court of New Mexico.

Sept. 15, 1961.

Reed L. Frost, Tansey & Rosebrough, Farmington, for appellants.

Edward M. Campbell, Farmington, for appellees.

NOBLE, Justice.

Edgar L. Mitchell and his wife filed suit against Intermountain Casualty Company alleging breach of an insurance contract covering physical damage to a 1957 Pontiac automobile. Plaintiff alleged the automobile was a total loss as a result of being caught in a flash flood and that the insurance company had breached its contract by refusal to replace the automobile or pay the plaintiffs the value of said automobile. A motion to dismiss was sustained to the original complaint for lack of an indispensable party. The amended complaint joined Western Acceptance Corporation as a defendant alleging it to be a mortgagee and that the insurance policy contained a loss-payable clause to plaintiffs and the mortgagee as their interests appear. The case was tried on its merits to the court without a jury and resulted in a judgment against both defendants for $885.51, the amount of plaintiffs' down payment on the purchase price of the car. Both defendants have appealed.

The question of whether the court erred in allowing damages in the amount of the down payment is decisive.

We turn first to the findings of fact and conclusions of law by the court to ascertain what facts or theory were used to determine the measure of damages. Conclusion of law No. 1 plainly indicates to us the trial court's theory. It reads:

"1. Plaintiffs should be placed in status quo relative to said automobile."

We must then examine the findings of fact made by the court to see whether they support this conclusion. The findings are relatively short and are:

"1. This action is based on an insurance policy written by defendant Intermountain Casualty Company, effective August 12, 1957, on a 1957 Pontiac purchased by Plaintiffs.

"2. Said policy insured the owner against loss or damage by flood.

"3. Defendant Western Acceptance Corporation was the owner of the chattel mortgage at the time of damage to the automobile.

"4. On August 30, 1957, plaintiffs, while driving said car, were caught in a flash flood which washed the car in a borrow pit and flooded it above the floor boards for several hours.

"5. Mud and silt damaged the motor, transmission and rear end of the car.

"6. Repair of said parts would only be temporary.

"7. Defendant Insurance Company failed to replace the damaged parts with new parts.

"8. Plaintiffs paid $885.41 down payment on the purchase of said car.

"9. Defendant Insurance Company failed to comply with its obligation under the policy and thereby caused plaintiffs to become delinquent in car payments to mortgagee, as a result the mortgagee re-possessed said car.

"10. This case was tried on the theory of liability or non-liability of both defendants jointly and severally, since they apparently were acting in concert on the matter."

Thus, it was found as a fact that the action is one based on the policy of insurance and is for a breach of that contract. Reading findings No. 7 and No. 9 together, it was found that the insurance company breached its contract in failing to replace the damaged parts with new parts and that this breach caused appellees to become delinquent in their car payments resulting in the repossession of the car by the mortgagee and damage to appellees in the amount they had paid on its purchase price. Is such damage recoverable either as a damage naturally flowing from the flood loss or under a tort liability?

 Contractual damages recoverable for breach of the contract are those damages contemplated by the parties at the time of the making of the contract. Annotation 37 A.L.R.2d 538. Damages resulting from the breach of contract which could not reasonably have been within the contemplation of the parties are not recoverable. Pizzolotto v. Sims, La.App., 1945, 23 So.2d 710; Leonard v. Firemen's Insurance Company of Newark, New Jersey, 100 Ga.App. 434, 111 S.E.2d 773. It is asserted by appellants that there is no evidence in the record showing the cost of replacement of the damaged parts with new parts, nor is there evidence either that the automobile was a total loss as a result of the flood damage nor of the value of the car immediately before the flood damage. This statement is not denied and under Supreme Court Rule 15, subd. 6, will be accepted as true. Appellee does say the court would be justified in finding its value to be the original cost since it was bought August 12, 1959 and the damage occurred on August 30, 1959. We cannot agree since it is ad-

mitted that the car had been driven 2686 miles and it is a matter of common knowledge that there was some depreciation. In addition, the court not only did not find the value of the automobile but refused a finding requested by appellees that its value was the purchase price. We, therefore, find no basis for computing the damage upon the theory of total loss of the automobile as a result of the flood, nor upon the cost of replacement of damaged parts.

Neither is it indicated by any finding nor by any evidence pointed out to us that loss of the car by repossession was contemplated as a damage resulting from the covered risks at the time the contract was entered into. Therefore, the loss caused by repossession of the automobile is not damage recoverable under the contract by reason of the breach of the insurance contract to repair or replace. Leonard v. Firemen's Ins. Co. of Newark, New Jersey, supra; Scottish Union & National Ins. Co. v. Bejcy, 6 Cir., 201 F.2d 163, 37 A.L.R.2d 534. Also, see Haas v. Pacific Mut. Life Ins. Co. of Calif., 70 Ohio App. 332, 41 N.E.2d 263, which seems to go much farther than the other cases in denying recovery.

Findings No. 9 and No. 10 suggest a theory of tort liability arising from the breach of contract causing appellees to become delinquent in their car payments resulting in repossession by the mortgagee and perhaps, as an inference flowing therefrom, the loss of appellees' down payment on the purchase price. We have held that the judgment cannot be supported on a contractual basis. Can it be sustained on the theory that the breach of contract subjected the insurance company to a tort liability? We think not. In the first place, we have carefully examined the evidence and find no causal connection between the failure to make the car payments and the insurance company's breach of its contract except the following testimony by Mrs. Mitchell:

"Q. Just one question Mrs. Mitchell, do you know if any payments were made on the chattel note and mortgage? A. I don't think any payments had been made on it, because that happened within the month that we bought the car and there was a payment due the next month, and after we got into all this I did not send a payment because I did not know what action would be taken regarding the insurance. I just supposed that would be settled at the time, with the insurance company.

"Q. Were you ever notified by the insurance company or Western Acceptance Corporation (that) this car had been repossessed, by phone or otherwise? A. No sir, and as he said,

I usually took care of that kind of business, and I was waiting to hear something from them before I made any more payments. I thought they would notify us what to do, since we had nothing to pay on then. We would have picked up the delinquent payments had they gone ahead and gave us something to pay on, but we did not have nothing to pay on except a pile of sand and rust, nobody seemed to know anything about it. * * *"

and the following testimony by Mr. Mitchell:

"Q. Were you aware when you signed the chattel mortgage that the car would be re-possessed under its provisions in the event you did not make the payments? A. I sure don't make the payments on anything they re-possess, I cannot see paying for something I can't drive."

Nothing indicates appellees' inability to make the payments as a result of a breach of the contract, if that would have made any difference.

█ Furthermore, an insurance company has a right to refuse to pay a claim arising under a policy if it has reasonable ground to believe it has a meritorious defense. Scottish Union & National Ins. Co. v. Bejcy, supra; Southern Surety Co. v. Motlow, 6 Cir., 61 F.2d 464. While appellees alleged bad faith on the part of the insurance company, the record is entirely devoid of any evidence to support the allegation, and the trial court refused a requested instruction to the effect that the company delayed recognition of its liability for an unreasonable time. We must conclude that the dispute as to the extent of liability under the policy was in good faith.

The rule is stated in Milledgeville Water Co. v. Fowler, 129 Ga. 111, 58 S.E. 643, in the following language:

"Mere breach of a contract cannot be converted into a tort by showing that failure to perform upon the part of the one committing the breach had resulted in great inconvenience, trouble, annoyance, and hardship to the other party to the contract."

Mere delay or failure of the insurer in making the repairs or disputing the extent of the insurer's obligation under its contract does not give rise to a tort action. The insured's recovery is limited to the contract obligation. 37 A.L.R.2d 538; Pizzolotto v. Sims, supra; Leonard v. Firemen's Insurance Co. of Newark, New Jersey, supra; Haas v. Pacific Mut. Life Ins. Co. of Calif., supra. There being no evidence of intentional or negligent misconduct, recovery cannot be had against the insurance company on the theory of tort

liability. It follows that the judgment against Intermountain Casualty Company must be reversed.

Western Acceptance Corporation had no obligation under the insurance contract which could give rise to a cause of action upon that contract. The complaint does not purport to state a cause of action or seek any relief against Western Acceptance Corporation, nor have we found any evidence which would justify our considering the complaint amended to conform to proof of liability by it.

We do not intend our holding to be construed as limiting the right of recovery under similar circumstances if there are, in the record, findings of fact supported by substantial evidence upon which such judgment is based. Our decision is grounded upon the absence of any finding supporting the judgment and lack of substantial evidence upon which such a finding could have been made.

It follows from what we have said that the cause must be remanded with instructions to vacate the judgment and enter a judgment dismissing the action.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.

CHAVEZ and MOISE, JJ., not participating.