Earnest G. GROSS, Appellant,

v.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellee.

No. 5707.

Court of Civil Appeals of Texas.

El Paso.

April 14, 1965.

Rehearing Denied May 12, 1965.

Walker F. Means, Pecos, for appellant.

John P. Dennison, Pecos, for appellee.

FRASER, Chief Justice.

This is an appeal from an order of the trial court sustaining special exceptions leveled at those provisions of the plaintiff-appellant's petition which alleged grounds for and sought special and exemplary damages resulting from an alleged breach of two policies of credit life and disability insurance issued to appellant by the defendant-appellee.

The facts are as follows. Appellant had taken out the two credit life and disability policies mentioned above under which he claims the appellee was obligated to make monthly payments on two automobiles owned by the appellant in case the appellant became disabled and unable to work or engage in gainful employment. The appellant maintains that beginning July 12, 1960, and up until the present time, he has been totally and continuously disabled and unable to work or engage in any gainful employment; that after his disability occurred, appellee commenced payments in September, 1960 and kept up said payments on the automobiles for four months, but discontinued making the payments in January, 1961, and that as a result of this discontinuance of payments by the appellee the appellant was forced to give up and surrender his two automobiles to the Universal C. I. T. Credit Corporation. Appellant claims that the discontinuance of these payments was improper, and that the appellee was guilty of gross and wanton negligence, as well as oppressive and/or malicious conduct in failing to ascertain appellant's condition; and that as a result of this failure to determine appellant's condition and the failure by the appellee to make payments on the cars, the appellant lost not only the automobiles, but was damaged by loss of credit and loss of health. The appellee tendered into court the amount of the disability payments claimed to be due, along with the twelve per cent damages recoverable and attorneys' fees, as provided for in Article 3.62 of the Texas Insurance Code, V.A.T.S. Judgment in these amounts was rendered for the appellant. The trial court sustained exceptions to plaintiff's pleadings asking for the above-mentioned special and exemplary damages.

Appellant presents as points of error that the trial court erred in sustaining special exceptions to that part of his pleadings relating to special and exemplary damages, and that the trial court erred in entering judgment denying him recovery for special and exemplary damages.

We believe the action of the trial court must be sustained. The policies are not in evidence and we do not believe that appellant's pleadings present a cause of action relative to exemplary or special damages. These special or exemplary damages are alleged to result from what the plaintiff calls oppressive or malicious conduct on the

part of the appellee, and are not set forth or provided for in the insurance contract itself. Plaintiff argues that they are the natural and consequential results of appellee's wrongful cessation of payments. It is not thought that the provisions of appellant's pleadings will suffice to sustain an action for special or exemplary damages not provided for in the contract. It is true that appellee did discontinue payments, but according to the pleadings and the briefs, the payments were contingent on the ill health or disability of appellant. It is not shown why, or in what manner, appellant expected to be able to prove that the action of the appellee amounted to an absolute repudiation or anticipatory breach, nor are the pleadings sufficient to maintain an action for such exemplary or special damages. We cannot, in the absence of knowing the provisions of the policies, and on the basis of the pleadings as presented to the trial court, arrive at any justifiable conclusion as to what special circumstances existed of which the appellee knew or should have known, that would have required it to contemplate that the special or exemplary damages here alleged would result from a breach by the appellee of the insurance contracts. It is true that appellee did tender into court the amount of disability payments claimed by appellant to be due, which action might be considered as an admission by appellee that the payments were legally due and owing. However, we do not believe that, as set forth in plaintiff's petition, this is sufficient to set up a cause of action for special or exemplary damages, for certainly the company had a right to consider the matter and arrive at a decision as to whether it was obligated to make the payments on the automobiles as hereinabove mentioned. Some courts hold such action to be merely a delay in payments, rather than a refusal, and we do not find any pleadings that would here apply with sufficient strength to sustain the allegation that appellee's action constituted an anticipatory breach or repudiation. Ordinarily in all contracts, including those in the insurance field, the insured is entitled to recover only under and by the terms of the contract itself. As stated above, the policies are not before us, but it is admitted by both sides that the special and exemplary damages here asked for by appellant are not provided for in the policies. We have studied the appellant's petition and the appellee's exceptions thereto. The appellant apparently did not decide to amend his petition; and in the absence of the policies themselves, or any indication from the pleadings (other than the mere allegation of the appellant), we have nothing to rely on that would justify an action for special or exemplary damages. In short, the appellant here merely pleaded what the trial court apparently considered conclusions of the pleader, asking for damages not contained within the provisions of the contracts. On the basis of the record before us, we think the trial court was correct in sustaining exceptions to the petition.

In summation, we feel that there were not sufficient facts alleged to have entitled appellant to go to trial on the theory that the appellee was actually guilty of a tort in breaching the two insurance contracts. Appellant merely alleges what happened and, in the absence of the policies themselves or any other type of information, the trial court was left with only what appear to be conclusions of the pleader. Motors Insurance Corporation v. Jackson, 340 S.W. 2d 610 (Ky.1960); Englehart v. Volunteer State Life Ins. Co. (Tex.Civ.App.), 195 S.W.2d 798 (ref., n. r. e.); Haas v. Pacific Mut. Life Ins. Co. of Cal., 70 Ohio App. 332, 41 N.E.2d 263; 37 A.L.R.2d 538 et seq.

Appellant's two points are therefore overruled and the judgment of the trial court affirmed.