ELLIS, Judge.
This is a motion to dismiss a devolutive appeal taken by plaintiffs herein from a judgment sustaining a dilatory exception of lack of procedural capacity and non joinder of necessary parties plaintiff.
This suit was brought by Guillame Danos, Sr., in his capacity as Administrator of the Succession of Bazelike Mire, wife of and Urbin Danos. A number of exceptions were filed, including exceptions of lack of procedural capacity and non-joinder of necessary parties plaintiff. The judge found that, since the decedents had been dead for 68 and 79 years respectively, and whatever rights they had had long since been transmitted to their heirs, there was nothing in the succession to be administered and that Guillame Danos, Sr., therefore, had no capacity to appear in court. He further found that the proper parties were the heirs of the decedents, and decreed that the petition might be amended within 90 days to join them as parties plaintiff, otherwise the suit would be dismissed.
Plaintiff has taken a devolutive appeal therefrom.
The motion to dismiss is based on the proposition that the judgment signed by the court is interlocutory in that the suit will not be dismissed if the heirs of the decedents either intervene or are joined as parties plaintiff within 90 days, and the judgment accordingly is not appealable, under Article 2083 of the Code of Civil Procedure.
The motion is not well taken. The judgment appealed from makes a final determination of the right of plaintiff, in his representative capacity, to prosecute this suit, irrespective of the intervention of the heirs. We do not think it important whether the exception is called a dilatory exception of procedural capacity or a peremptory exception of no right of action. A judgment, order or decree which finally settles any matter in controversy is ap-pealable. Cary v. Richardson, 35 La.Ann. 505 (1883).
The motion to dismiss the appeal is denied, at mover’s cost.
Motion denied.