WATSON, Judge.
The only issues are whether Rixby Manuel or the Evangeline Bank & Trust Company owed any duty to Eddie J. Le-Blanc, plaintiff, to renew his automobile insurance policy and whether the insurance policy issued by the Hartford Accident & Indemnity Company to the Evangeline Bank & Trust Company required Hartford to provide the bank with a defense to plaintiff’s suit.
These issues were resolved by the trial court against plaintiff and against Hartford. The trial court found that Manuel and the bank owed no duty to plaintiff to *30 renew his insurance and further found that Manuel and the bank were not engaged, as “gestors” under the theory of negotiorum gestio, in managing the affairs of another as contemplated by LSA-C.C. art. 2295. Manuel and the bank were found to have renewed the policy previously to protect themselves, as they were entitled to do. It was held that plaintiff knew or should have known his vehicle was not insured and thus was at fault in failing to renew the policy. After reviewing the record, we find no manifest error in these conclusions.
As to Hartford’s obligation to defend the bank under its liability insurance policy, the only defense suggested is a policy exclusion which states in effect that the insurance does not apply to liability assumed by the bank under any contract or agreement. The applicable rule of law is that the insurer’s duty to defend its insured is determined by the allegations of the plaintiff’s petition, with the insurer being obligated to defend the lawsuit unless the petition unambiguously excludes coverage. Benoit v. Fuselier, 195 So.2d 679 (La.App. 3 Cir. 1967). In paragraph 15 of plaintiff’s petition, it is alleged that the failure to renew was in part caused by the “acts, errors and omissions” (TR. 6) of the bank and this allegation is sufficient to require the insurer to defend. The trial court did not err in so concluding.
The bank’s attorney is entitled to an additional fee for services on appeal. In view of the fact that this matter was not argued orally, a fee of $300 would be appropriate.
Therefore, the judgment of the trial court is affirmed, except that an additional fee of $300 is awarded to counsel for the bank, representing services on appeal.
It is ordered, adjudged and decreed that there be judgment in favor of Evangeline Bank & Trust Company and against Hartford Accident & Indemnity Company for the additional sum of $300 for attorney’s fees, representing services on appeal.
Costs of the appeal are taxed one-half against plaintiff, Eddie J. LeBlanc, and one-half against Hartford Accident & Indemnity Company.
AMENDED AND AFFIRMED.