637 P.2d 553

Roy EXUM, d/b/a Roy Exum Trucking, Plaintiff-Appellant, and Cross-Appellee,

v.

Robert E. FERGUSON, d/b/a Bob Ferguson Agency, Defendant-Third-Party Plaintiff-Appellee and Cross-Appellant,

v.

RICHTER–ROBB, Third-Party Defendant-Appellee and Cross-Appellee.

No. 13315.

Supreme Court of New Mexico.

Nov. 30, 1981.

Hinkle, Cox, Eaton, Coffield & Hensley, J. Douglas Foster, Roswell, for plaintiff-appellant, and cross-appellee.

Neal & Neal, William G. W. Shoobridge, Hobbs, for defendant-third-party plaintiff-appellee and cross-appellant.

Robinson, Stevens & Wainwright, Paul Wainwright, Albuquerque, for third-party defendant-appellee and cross-appellee.

## OPINION

RIORDAN, Justice.

In 1974, plaintiff Roy Exum d/b/a Roy Exum Trucking (Exum) obtained commercial truck insurance through the defendant Ferguson Insurance Agency (Ferguson). Ferguson obtained a policy for Exum with the Occidental Fire and Casualty Company (Occidental) through their general agent Richter-Robb and Company (Richter-Robb). Occidental, in August of 1976, notified Richter-Robb that Exum's coverage was going to be cancelled. Richter-Robb then notified Ferguson by phone and memo that the policy was going to be cancelled, but no specific cancellation date was given and neither Ferguson nor Exum ever received an actual notice of cancellation. The policy was cancelled by Occidental as of September 24, 1976. No replacement coverage was provided by Richter-Robb or Ferguson.

On October 6, 1976, Exum's truck and trailer were involved in an accident. As a result of the accident and Exum's inability to repair the truck and trailer, Exum's interstate business ceased and he was unable to make payments on another truck which was subsequently repossessed. He alleged that these events resulted from the lack of insurance coverage that would have enabled him to repair his equipment and continue in business. Exum filed suit against Ferguson for the amount of damage to the truck and trailer, loss of profits and loss of equity in the vehicle that was repossessed. Exum also sued Occidental on various claims. Ferguson filed a cross-claim which was later treated as a third-party complaint, against Richter-Robb. Ferguson's third-party complaint sought indemnification or contribution and was based on theories of negligence and breach of contract. Exum's claim against Occidental was settled prior to trial for $10,750.00.

At trial, the jury returned a verdict in favor of Exum in the sum of $62,617.00 and awarded damages in the same amount by way of indemnity against Richter-Robb in favor of Ferguson. The trial court then granted judgment notwithstanding the verdict for $24,950 plus interest and costs, thereby deleting the damages awarded by the jury for lost profits and loss of equity. We affirm in part and reverse in part.

The issues on appeal are:

1. Whether the trial court properly granted judgment notwithstanding the verdict as to the damages awarded for lost profits and loss of equity in Exum's vehicle.

2. Whether the trial court properly refused to award the cost of Exum's expert witness.

3. Whether the trial court erred in ruling that Richter-Robb indemnify Ferguson for Exum's trailer.

4. Whether the trial court erred in refusing a credit in favor of Ferguson for the amount of settlement paid to Exum by Occidental.

### 1. *Judgment Notwithstanding the Verdict.*

Exum claims that he is entitled to damages for all foreseeable injury to him which in this case includes lost profits and loss of equity. Defendant citing *Jernigan v. New Amsterdam Casualty Company*, 69 N.M. 336, 367 P.2d 519 (1961), claims that Exum is entitled to only those damages which would be covered under the insurance policy, had it not been cancelled.

An insurance policy is a contract. *Mitchell v. Intermountain Casualty Company*, 69 N.M. 150, 364 P.2d 856 (1961). Under contract principles, an injured party is entitled to all damages that flow as a natural and probable consequence from a breach. *Mann v. Glens Falls Ins. Co.*, 418 F.Supp. 237, 249 (D.Nev.1974), *rev'd on other grounds*, 541 F.2d 819 (9th Cir. 1976). In *Reichert v. General Insurance Company of America*, 59 Cal.Rptr. 724, 428 P.2d 860 (1967), *vacated for other reasons*, 69 Cal. Rptr. 321, 442 P.2d 377 (1968), the plaintiff

purchased a 325-unit motel worth $1,500,-000. As part of the transaction, he took assignment of four fire insurance policies with a total coverage of $1,375,000. A fire caused $424,000 worth of damage. The insurance companies did not promptly pay the plaintiff for the loss. A bankruptcy followed. The court held that the business of fire insurance is to provide protection. "Insurers are * * * chargable with knowledge of the basic reasons why fire insurance is purchased, and of the likelihood that an improper delay in payment may result in the very injuries for which the insured sought protection by purchasing the policies." *Id.* at 728, 428 P.2d at 864. Therefore, an insurer's liability is not limited to the amount specified in the policy. "The policy limits restrict only the amount the insurer may have to pay in the performance of the contract * * * they do not restrict the damages recoverable by the insured for a breach of contract by the insurer." *Comunale v. Traders & General Insurance Company*, 50 Cal.2d 654, 659, 328 P.2d 198, 201 (1958).

■ The jury found that had Exum been promptly paid for his damages under the insurance policy that he had contracted with Ferguson and Richter-Robb (through Ferguson) for, he would have been able to repair his trucks and continue his business and therefore, would not have suffered any lost profits or loss of equity. However, because neither Richter-Robb or Ferguson notified Exum of a date of cancellation, Exum did not know the policy had been cancelled. The jury found that there was a duty to notify and that Ferguson, as Exum's agent, had a duty to notify Exum of Richter-Robb's decision to cancel the policy and the date of cancellation. The record supports this finding. Ferguson is entitled to indemnification because Richter-Robb did not notify Ferguson of the cancellation date. The trial court erred in granting the judgment notwithstanding the verdict.

### 2. *Expert Witness.*

Exum employed an expert witness to establish for the court his lost profits and loss of equity. The denial of Exum's request for the statutory fee for the expert witness was based on the trial court's decision that lost profits and loss of equity were not recoverable by Exum as a matter of law. Since we hold that these damages are recoverable, we remand this issue to the district court for a determination of the expert witness fee.

### 3. *Indemnification for Trailer.*

■ The jury awarded indemnification in favor of Ferguson and against Richter-Robb in the amount of $62,617.00, of which $12,500.00 was for the loss of Exum's trailer. The evidence is uncontradicted; Ferguson requested that Richter-Robb delete the trailer from coverage under the policy. The jury also found that Ferguson deleted this coverage without Exum's authority. Ferguson must, therefore, bear this loss.

### 4. *Credit of Settlement.*

■ Ferguson requested that Civil Uniform Jury Instruction, Section 14.30, N.M.S. A.1978 (deleted 1980; now covered by N.M. U.J.I.Civ. 18.25, N.M.S.A.1978 (Repl.Pamp. 1980)), be given, so that, the settlement between Exum and Occidental for $10,-750.00 would be credited to the damages awarded Exum in this case.

UJI Civ. 14.30. *Uniform Contribution Among Joint Tort-Feasors Act where settlement is made with one of several defendants.*

It is contrary to the policy of the law for any person to collect duplicate damages for the same injury.

The plaintiff has voluntarily settled his claim against defendant _____ for $_____ and has released defendant_____ from further liability in this lawsuit.

If under the other instructions you should find in favor of the plaintiff against defendant _____, then before you can render a verdict against defendant ____ you must further find that the sum of $____ paid to plaintiff by defendant _____ did not reasonably compensate plaintiff for the damages sustained by him.

If you do make such further finding, then your verdict against defendant _____ may be for only such amount as plaintiff's total damages exceed the sum of $ *(amount paid in settlement).*

The trial court properly refused to give the jury instruction. Occidental was sued only for breach of the insurance contract and for violation of statutes relating to trade practices. No tort allegations were made against Occidental. Joint tort-feasors are persons jointly and severally liable in tort. § 41–3–1, N.M.S.A.1978. Because Occidental's and Ferguson's suits were based on different theories of liability, they are not joint tort-feasors and Ferguson is not entitled to a credit of Occidental's settlement.

This case is remanded with instructions to reinstate the verdict in favor of Exum, to consider an award for the expert witness fee and to set aside that portion of Ferguson's award against Richter-Robb for the loss of the trailer.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and PAYNE and FEDERICI, JJ., concur.