411 So.2d 564 (1982)
Reubin K. HODGES
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, et al.
No. 14587.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
Jennifer Luse, Baton Rouge, for plaintiff-appellant Reubin K. Hodges.
*565 Robert S. Cooper, Jr., Baton Rouge, for intervenor-appellee Leona J. Nichols.
John J. Hainkel, Jr., New Orleans, for defendants-appellees Southern Farm Bureau Cas. Ins. Co. and Louisiana Farm Bureau Mut. Ins. Co.
Before COVINGTON, COLE and WATKINS, JJ.
COVINGTON, Judge.
This is a devolutive appeal by plaintiff, Reubin K. Hodges, from a final judgment sustaining the motion for summary judgment in favor of Southern Farm Bureau Casualty Insurance Company, signed on January 30, 1981. We affirm.
Appellant, Reubin K. Hodges, was involved in an automobile accident with Lynda Leona Nichols on April 9, 1976, in which Miss Nichols was severely injured. In a subsequent lawsuit on behalf of Miss Nichols against Hodges and his insurer, Louisiana Farm Bureau Mutual Insurance Company, among others, a judgment was rendered against Hodges and Louisiana Farm Bureau Mutual Insurance Company, and other defendants. The judgment against Hodges was in excess of his insurance coverage with Louisiana Farm Bureau.
On or about September 17, 1980, this action was commenced against Louisiana Farm Bureau Mutual Insurance Company and Southern Farm Bureau Casualty Insurance Company. The petition alleged in pertinent part as follows:
"19.
"Petitioner further shows that as a result of the unreasonable, and/or arbitrary and/or capricious and/or unfair and/or bad faith conduct and/or breach of the defendants' contractual duties to petitioner herein, petitioner has suffered serious economic loss as mentioned above, as well as mental suffering, humiliation and embarrassment resulting from defendants', their agents', employees' or representatives' acts or omissions by:
"a. failing to adequately investigate the aforesaid claim;
b. failing to keep petitioner informed of the progress of the action;
c. failing to communicate the offer or offers to settle within the policy limits to petitioner;
d. failing to timely settle for the policy limits;
e. failing to timely advise petitioner of the possibility of an excess judgment being rendered and the consequences thereof;
f. failing to give equal consideration to the interests of petitioner in this matter;
g. disregarding petitioner's desire to protect himself from financial loss; and
h. other acts and/or omissions to be determined at the trial of the case.
"20.
"In addition to the above, and/or alternatively, petitioner further shows that as a result of the defendants' tortious conduct and/or negligence and/or lack of due care, and/or want of skill and/or wrongful conduct, petitioner has suffered economic loss as referred to above as well as physical and mental suffering, humiliation and embarrassment resulting from defendants', their agents', employees' or representatives' acts and/or omissions by:
"a. failing to adequately investigate the aforesaid claim;
b. failing to keep petitioner informed of the progress of the action;
c. failing to communicate the offer or offers to settle within the policy limits to petitioner;
d. failing to timely settle for the policy limits;
e. failing to timely advise petitioner of the possibility of an excess judgment being rendered and the consequences thereof;
f. failing to give equal consideration to the interests of petitioner in this matter;
g. disregarding petitioner's desire to protect himself from financial loss; *566 h. lack of proper attention in protecting the rights of the petitioner;
i. not discharging duties owed to petitioner;
j. other acts and/or omissions to be determined at the trial of the case."
It is undisputed that Southern Farm Bureau Casualty Insurance Company issued no policy of insurance to Hodges which would have provided coverage for his automobile accident on April 9, 1976. It is undisputed that Louisiana Farm Bureau Mutual Insurance Company did issue a policy of insurance to Hodges (the coverage of which is not at issue on this appeal, since the trial court refused to dismiss the action against Louisiana Farm).
Unquestionably, an insured has a claim against his insurer for an amount awarded an injured third party in excess of the insured's coverage if the insurer fails to settle within its policy limits, when it had an opportunity to do so, but did not do so through arbitrariness, capriciousness, or bad faith. Shelton v. Commercial Union Assurance Company, 396 So.2d 1379 (La.App. 2 Cir. 1981); Trahan v. Central Mutual Insurance Company, 219 So.2d 187 (La.App. 3 Cir. 1969), writ denied, 254 La. 12, 222 So.2d 66 (1969). The insurer has a duty to act in good faith and to deal fairly when handling and settling claims in order to protect the insured from exposure to excess liability. Domangue v. Henry, 394 So.2d 638 (La.App. 1 Cir. 1980), writ denied, 399 So.2d 602 (La.1981); Moskau v. Insurance Company of North America, 366 So.2d 1004 (La.App. 1 Cir. 1978). However, the right of action to bring this suit for excess judgment rests with the insured, and against the insurer. The action is based upon an alleged breach of contractual duty or contractual obligation to the insured by the insurer. See Roberie v. Southern Farm Bureau Casualty Insurance Company, 250 La. 105, 194 So.2d 713 (1967); Cousins v. State Farm Mutual Automobile Insurance Co., 294 So.2d 272 (La.App. 1 Cir. 1974), writ refused, 296 So.2d 837 (La.1974); see also Comment, Duty of Insurer to Settle, 30 La.L.Rev. 622 (1970).
While Louisiana Farm Bureau contested the action against it on the merits, there is no question but that plaintiff, as its insured, has alleged an action for excess judgment against it, as the trial court held. However, by bringing this action for excess judgment also against Southern Farm Bureau, which did not insure Hodges, plaintiff ignores the very nature of this type of suit. We have been directed to no statute or jurisprudence, and we know of none, which gives a party a cause or right of action for excess judgment against any one other than his insurer.
Thus, the "questions of fact" which plaintiff alludes to in his brief are not relevant to a decision in this matter. The only relevant issue is whether or not Southern Farm Bureau Casualty Insurance Company issued a policy of insurance to the plaintiff under which it had a duty to competently represent and defend the insured at the time of the accident which resulted in judgment against the appellant. We find that it did not. By uncontroverted affidavit, Southern Farm Bureau showed it was a separate and distinct entity from Louisiana Farm Bureau and that it issued no policy of insurance to Reubin K. Hodges, plaintiff. We hold that summary judgment was properly granted by the trial court in its favor.
Nevertheless, the appellant further argues that even if he was not an insured of Southern Farm Bureau, the said insurance company is obligated to him under the doctrine of negotiorum gestio, as set forth under Article 2295 of the Louisiana Civil Code:
"When a man undertakes, of his own accord, to manage the affairs of another, whether the owner be acquainted with the undertaking or ignorant of it, the person assuming the agency contracts the tacit engagement to continue it and to complete it, until the owner shall be in a condition to attend to it himself; he assumes also the payment of the expenses attending the business.
"He incurs all the obligations which would result from an express agency with which he might have been invested by the proprietors."
*567 Plaintiff's reliance on this doctrine to create a right and cause of action herein against Southern Farm Bureau is misplaced. Before the liability imposed by this Article can attach to the "undertaker", it must be established that one claiming the damages had some relationship with the "undertaker" and that the undertaker's failure to perform breached an obligation to properly complete the work as a "prudent administrator." See LSA-C.C. art. 2298.
The record shows no such relationship between Hodges and Southern Farm Bureau. Southern Farm Bureau was not engaged, as "gestor" under the theory of negotiorum gestio, in managing the affairs of another as comtemplated by LSA-C.C. art. 2295. See LeBlanc v. Audubon Insurance Company, 357 So.2d 29 (La.App. 3 Cir. 1978). There is not the semblance of the principles of negotiorum gestio set out in this case. Southern Farm Bureau never undertook to take care of any obligation of Hodges in the Nichols-Hodges matter, or to manage any affairs of Reubin Hodges. See Pizzolotto v. Sims, 23 So.2d 710 (La.App. 1 Cir. 1945), writ of error refused, January 7, 1946. The case of Beavers v. Stephens, 341 So.2d 1278 (La.App. 3 Cir. 1977), relied upon by appellant, is factually distinguishable from the instant case and thus inapplicable. Southern Farm Bureau had no fiduciary duty to manage Hodges' affairs in the subject matter, as the "gestor" did in Beavers.
For the foregoing reasons, the judgment appealed is affirmed at appellant's costs.
AFFIRMED.
COLE, J., dissents.