DOUCET, Judge.
Applicant, Odelia Leger Smith, applied for supervisory writs to the Third Circuit Court of Appeal to review a decision made by the Twenty-Seventh Judicial District Court on May 22, 1991.
On July 16, 1991, Smith’s supervisory writ application was denied.
Supervisory writs to the Louisiana Supreme Court were applied for on August 16, 1991, and accepted on November 15, 1991.
The Louisiana Supreme Court remanded the case to the Third Circuit Court of Appeal for briefing, argument and opinion. 589 So.2d 485.
Odelia Leger Smith (Smith) instituted this suit on February 15, 1990, against Audubon Insurance Company (Audubon) alleging Audubon is guilty of bad faith failure to settle a claim which resulted in an excess judgment being rendered against Cleven Smith, the plaintiff’s deceased husband.
Kenneth Smith, grandson of the plaintiff in the case presently before the court, was injured in a lawn mower accident at his grandparents’ home. As a result, he filed suit against his grandparents’ homeowners insurance carrier under the caption Kenneth W. Smith and Melissa O’Connor Smith v. Cleven Smith and Audubon Insurance Company, Docket Number 88-0143, Division D, 27th Judicial District Court, Parish of St. Landry, Louisiana. On February 16, 1989, the jury awarded Kenneth Smith $25,000.00 with interest against Cleven Smith and Audubon, jointly and in solido, and $30,363.62 with interest against Cleven Smith individually for the excess *1223 over and above the policy limits. Plaintiff Smith alleges that the injured party, Kenneth Smith, offered to settle the case within the policy limits prior to trial, but Audubon rejected all offers to settle the claim. Audubon disputes these facts.
Cleven Smith subsequently died without having paid the excess judgment, thereafter the judgment was filed as a judicial lien against his estate. Odelia Smith, wife of decedent, filed a petition against Audubon for damages individually and on behalf of her deceased husband’s estate for bad faith failure to settle the claim.
In response to the petition, Audubon filed dilatory exceptions of vagueness and lack of procedural capacity as well as a peremptory exception of no cause of action. Smith opposed and a hearing ensued. The exceptions were heard on May 25, 1990.
In a letter from the judge dated October 11, 1990, exceptions of lack of procedural capacity, vagueness, and no cause of action were denied and dismissed. Audubon sent a written request on October 22, 1990, to the court for written reasons for the court’s dismissal of the exceptions. A second letter on February 21, 1991, from the judge reaffirmed his rulings on the exceptions. On March 6, 1991, Audubon again requested written reasons for dismissal of the exceptions in the October 11, 1990, ruling. An order providing for denial and dismissal with prejudice on the exceptions was signed by the judge on March 8, 1991. Four days later, Audubon filed an answer in response to the petition. Subsequently, a third letter from the judge dated April 8, 1991, modified the prior ruling. The court sustained the exceptions of lack of procedural capacity as to Smith proceeding individually and disallowed the claim for attorney’s fees. The court also stayed further proceedings until the estate had been forced to “deal with” the excess judgment.
PROCEDURAL CAPACITY
The plaintiff first argues that the trial judge erred in sustaining the exception of lack of procedural capacity. Although the April 8, 1991, letter contains written reasons for the rulings, the letter stands as a judgment. The April 8th document is titled, numbered, and appears in the record. LSA-C.C.P. art. 1918; Hinch-man v. International Bro. of Elec. W, L.U. #130, 292 So.2d 717 (La.1974).
The sustaining of the exception of lack of procedural capacity in the document is a final judgment. Danos v. Waterford Oil Company, 225 So.2d 707 (La.App. 1st Cir.1969), writ refused, 254 La. 856, 227 So.2d 595 (1969). “A judgment that determines the merits in whole or in part is a final judgment.” LSA-C.C.P. art. 1841. The judgment rendered herein determines that Odelia Smith, in her individual capacity, does not have the right to prosecute suit. A supervisory writ cannot be taken on a final judgment. This ruling is an appealable judgment and therefore, we cannot consider it upon writ application.
STAY ORDER
The plaintiff’s next assignment of error concerns the order of April 8,1991, staying all further proceedings until a clear showing is made that Cleven Smith’s succession proceeding has been forced to “deal with” the excess judgment debt.
Smith alleges that Audubon was guilty of bad faith failure to settle with the injured party where Smith claims the injured party made offers to compromise within the policy limits and Audubon refused to settle.
The general rule is stated plainly in Hodges v. Southern Farm Bureau Casualty Insurance Company, et al., and reads as follows:
Unquestionably, an insured has a claim against his insurer for an amount awarded an injured third party in excess of the insured’s coverage if the insurer fails to settle within its policy limits, when it had an opportunity to do so, but did not do so through arbitrariness, capriciousness, or bad faith. Shelton v. Commercial Union Assurance Company, 396 So.2d 1379 (La.App. 2 Cir.1981); Trahan v. Central Mutual Insurance Company, 219 So.2d 187 (La.App. 3 Cir.1969), writ denied, 254 La. 12, 222 So.2d 66 (1969). *1224 411 So.2d 564 at 566 (La.App. 1st Cir.1982), amended and remanded on other grounds, 433 So.2d 125 (La.1983). Accordingly, Smith has a cause of action.
In light of the stay order, the question before this court is whether or not the cause of action arises before the excess judgment is paid. Audubon asserts that the insured’s estate has never been forced to pay the excess judgment and furthermore, that it is unlikely the judgment creditor will enforce the judgment against his grandfather’s estate. Wooten v. Central Mutual Insurance Co. addressed this issue and the court determined as follows:
The further general rule is that, if a person is injured through another’s breach of duty, he may recover for the resultant damage whether or not he has actually repaired or paid for it. (citations omitted)
182 So.2d 146 at 148 (La.App. 3rd Cir.1966). This point is reiterated as follows:
Pursuant to this general rule, the overwhelming weight of authority, including all except one case decided within the last two decades, holds that prior payment upon or satisfaction of an excess judgment is not a prerequisite for the insured’s recovery against his insurer for its unreasonable failure to settle within policy limits; ...
Wooten, supra, at 149. As a result, the trial court erred in staying the proceeding.
ATTORNEY’S FEES
By the third assignment of error, the plaintiff contends that the trial court erred in disallowing the recovery of attorney’s fees in connection with a suit against an insurer for bad faith failure to settle a claim. The trial judge in his ruling stated the following:
Attorney fees are never allowable except by agreement, statute, or when forming damages for services in a prior litigation, or the like. Hence, the attorney fees in this case are not allowable.
Attorney’s fees have been allowed by these courts where a defendant/tort-feasor has pursued its insurer for bad faith failure to settle a claim. Fertitta v. Allstate Insurance Co., 439 So.2d 531 (La.App. 1st Cir.1983), writ granted 444 So.2d 124, affirmed as amended, 462 So.2d 159 (La. 1985); Roy v. Glaude, 494 So.2d 1243 (La. App. 3rd Cir.1986). Therefore, a claim for the attorney’s fees is appropriate where Smith can prove the elements of bad faith failure to settle a claim.
CONCLUSION
For the above and foregoing reasons, the trial court’s order staying the proceeding and disallowing the claim for attorney’s fees is reversed. This matter is remanded for further proceeding consistent with this opinion.
REVERSED AND REMANDED.