366 So.2d 1004 (1978)
Larry MOSKAU, Plaintiff and Appellee,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant and Appellant.
No. 12416.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
Gordon W. Matheny, Hammond, for Larry Moskau.
Robert J. Young, Jr., New Orleans, for Insurance Co. of North America.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
LOTTINGER, Judge.
This appeal is brought by the insurer, Insurance Company of North America (INA), from a judgment rendered in favor of the insured, Larry Moskau, for the amount of an excess judgment along with an award for attorney's fees.
*1005 This case is a sequel to O'Neal v. Southern Farm Bureau Insurance Co., et al, 325 So.2d 887 (La.App. 1st Cir. 1976) wherein this court reversed the trial court's judgment and awarded to Lynette O'Neal a judgment against INA and Larry Moskau, jointly and in solido, the sum of $5,797.69 plus legal interest and a judgment against Larry Moskau for the sum of $3,578.00 plus legal interest.
The original action dealt with an auto accident wherein Mrs. O'Neal's car was rear ended by Larry Moskau in a dense fog. The trial judge held the plaintiff, Mrs. O'Neal, contributorily negligent and ruled in favor of Moskau and INA.
The facts as found by this court in the original opinion are:
"On the morning of the accident plaintiff and Moskau were at the Office Lounge located on U.S. Highway 190 approximately three miles west of the City of Hammond, Louisiana. When plaintiff decided to leave the lounge at approximately two o'clock A.M. Moskau offered to follow her home to make sure that she got there safely because of the heavy, intermittent fog condition existing in the area. Moskau followed the plaintiff's vehicle down the road although he could not see it because of the dense fog. As plaintiff reached the intersection of the Old Hammond Highway and the Pumpkin Center Road she slowed her vehicle to a speed of approximately 10 m. p. h. and activated her left turn signal indicator. However, before she could complete her turn onto the Pumpkin Center Road she was struck in the rear by the Mustang driven by Moskau.
"Mr. Moskau stated that there was a heavy fog bank at this intersection and that he did not observe plaintiff's vehicle until he was forty feet from it. He immediately applied his brakes but could not avoid the collision. He stated that at the moment he first observed plaintiff's vehicle he was traveling approximately 40 m. p. h." 325 So.2d at 889.
In reviewing the trial court's judgment, this court reversed the finding of contributory negligence on the part of Mrs. O'Neal and thus held Larry Moskau liable as well as INA for the injuries and damages suffered.
In addition to the defense of contributory negligence, INA asserted a lack of coverage based on its failure to receive notice of the accident until 2½ years later, and thus its rights and defenses were prejudiced. In rejecting this defense, we relied on West v. Monroe Bakery, 217 La. 189, 46 So.2d 122 (1950).
In the instant case, Larry Moskau is suing for reimbursement of the excess judgment award along with attorney's fees. Moskau testified that originally he informed his father-in-law, the owner of the car, that he ran into a bridge. Moskau was never served in the original action and only from the investigation of one of Mrs. O'Neal's insurance companies did he learn of her suit. He explained that in late 1972, early 1973 he was informed by an insurance investigator that suit had been filed; however, he did not know at that time that the car was insured.
INA carried a $5,000/$10,000 policy covering the auto at the time of the accident. Mrs. O'Neal offered to settle with INA for $4,500.00 plus special damages and later that offer was raised to $5,000.00 plus special damages. The policy states:
". . . and the Company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient."
The same settlement offer of $5,000.00 plus special damages was presented to Mr. Moskau's attorney. He advised INA that an offer to settle was made and should it be refused, Moskau would look to INA for any excess judgment. Moskau also demanded a defense from INA which was never provided.
In finding the insurer liable for the excess judgment along with attorney's fees, *1006 the trial judge rendered no reasons for judgment; therefore, this court must conclude that the trial judge found the defendant guilty of bad faith or lack of due care for refusing to settle along with breaching its contract to defend the insured by failing to provide him with an attorney.
On appeal the appellant asserts that the trial judge "erred in finding that the defendant, Insurance Company of North America, acted in bad faith and in an arbitrary and capricious manner in refusing to settle the claim of Lynette Foster O'Neal."

DUTY OF INSURER TO SETTLE
Louisiana jurisprudence clearly establishes a duty upon an insurer to consider as paramount the interest of the insured when an offer to settle is made. The insurer has a duty to act in good faith and to deal fairly when handling and settling claims in order to protect the insured from exposure to excess liability. Holtzclaw v. Falco, Inc., 355 So.2d 1279 (La.1978), See Comment, Duty of Insurer to Settle, 30 La.Law Review 622 (1970).
This court in Cousins v. State Farm Mutual Automobile Ins. Co., 294 So.2d 272 (La.App. 1st Cir. 1974) writ refused 296 So.2d 837 (La.1974), considered the following factors in determining whether the insurer acted in "good faith" when refusing to settle, to wit:
"(1) The probability of the insured's liability; (2) the adequacy of the insurer's investigation of the claim; (3) the extent of damages recoverable in excess of policy coverage; (4) rejection of offers in settlement after trial; (5) the extent of the insured's exposure as compared to that of the insurer, and (6) the nondisclosure of relevant factors by the insured or insurer."
Although not an exclusive list of factors, the facts of the instant case reveal that the insurer exercised reasonable care in contemplating the refusal of the offer to settle. It is clear from the jurisprudence that the insurer need not prejudge the case but must use reasonable judgment to protect the interest of the insured. Champion v. Farm Bureau Insurance Co., 352 So.2d 737 (La. App. 3rd Cir. 1977) writ refused 354 So.2d 1050 (La.1978).
In reviewing the actions of the insurer to determine whether the refusal to settle was arbitrary or capricious, the evidence presented demonstrates that the defendant did in fact try to perfect a settlement of Mrs. O'Neal's claim for $3,000.00, which she rejected. This fact coupled with the arguable defense of contributory negligence on the part of Mrs. O'Neal, indicates to this court that the insurer exercised reasonable judgment in refusing to settle, and therefore, the trial judge erred in awarding the plaintiff a reimbursement for the excess judgment.
Though appellant did not assign the award of attorney's fees as a specification of error in accordance with Rule IX-A, Uniform RulesCourts of Appeal, same was argued before this court at oral argument, and thus, we have decided to review the trial judge's award.
Upon notice of litigation, the insurer owes a duty to provide a competent defense. Smith v. Insurance Co. of State of Pennsylvania, 161 So.2d 903 (La.App. 1st Cir. 1964) writ refused 246 La. 344, 164 So.2d 350 (1964).
When the allegations of the petition, taken as true, establish a claim against the insured covered by the policy, the insurer owes the insured a defense. Benoit v. Fuselier, 195 So.2d 679 (La.App. 3rd Cir. 1967).
The insurance policy in question provides:
"NOTICE
"In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable."
Though notice of an accident comes a substantial amount of time after it occurred, as long as the rights of the insurer *1007 are not prejudiced by the delay, coverage still exists. Jackson v. State Farm Mut. Automobile Ins. Co., 211 La. 19, 29 So.2d 177 (1946).
We see no reason to differentiate the application of the no prejudice rule between coverage and those provisions of the policy which provide for a defense of the insured, especially in light of the rule that the duty of an insurer to defend its insured under a policy of liability insurance is of greater scope than the insurer's duty to pay. Smith v. Insurance Co. of State of Pennsylvania, supra.
On reading Mrs. O'Neal's petition, Moskau was alleged to have been negligent in the operation of the insured automobile. Previously in O'Neal v. Southern Farm Bureau Insurance Co., supra, we found no prejudice. Thus, we find that the judgment of the trial court awarding attorney's fees is correct.
Therefore, for the above and foregoing reasons the judgment of the trial court is reversed as to the award for the excess judgment, and it is affirmed as to the award of attorney's fees. Appellant and appellee are to equally share in the costs of this appeal.
REVERSED IN PART AND AFFIRMED.