463 So.2d 1331 (1984)
Billy Wayne ARMSTRONG
v.
LAND & MARINE APPLICATORS, INC., et al.
Billy Wayne ARMSTRONG
v.
LAND & MARINE APPLICATORS, INC., et al.
Nos. 84-CA-247, 84-CA-509.
Court of Appeal of Louisiana, Fifth Circuit.
November 13, 1984.
Rehearing Denied February 28, 1985.
Writs Denied April 12, 1985.
*1332 Lawrence D. Wiedemann, Wiedemann & Fransen, New Orleans, for plaintiff-appellant.
E. Carroll Rogers, Robert B. Deane, Chaffe, McCall, Phillips, Toler & Sarpy, A. Wendel Stout, Deutsch, Kerrigan & Stiles, New Orleans, for defendants-appellees.
Before BOUTALL, CURRAULT and GRISBAUM, JJ.
CURRAULT, Judge.
This appeal arises from summary judgment granted in favor of defendants, Certain Underwriters at Lloyds of London (Lloyds), Harbor Insurance Company (Harbor) and Insurance Company of North America (INA) in an action for worker's compensation brought by plaintiff, Billy Wayne Armstrong.
The record discloses that plaintiff is an offshore oil worker, painter and sandblaster. During his extensive period of employment in the offshore oil industry, he was employed by several employers, one of whom was Land and Marine Services, Inc. Apparently plaintiff was employed by Land & Marine Applicators, Inc. in offshore sandblasting and painting from the last quarter of 1964 through the second quarter of 1967. During that period Land & Marine was the assured under various contracts of insurance, including a primary worker's compensation and employer's liability insurance policy issued by INA. The excess insurance was made subject to the same terms, conditions and exclusions of the INA policy.
*1333 Fourteen years later, plaintiff allegedly discovered that he was suffering from the disease of silicosis. Consequently, he filed suit on August 31, 1981 against 48 various named defendants, including Land & Marine, Lloyds and Harbor. As to them, he alleged that he developed the disease silicosis as a result of his employment with Land & Marine.
Defendants INA, Lloyds and Harbor filed separate motions for summary judgment based on a thirty-six-month exclusion in the primary insurer's (INA) contract, and incorporated into the excess insurers contracts (Lloyds and Harbor) which states that:
"This policy does not apply: ... (e) under Coverage B to bodily injury by disease unless prior to thirty-six months after the end of the policy period written claim is made or suit is brought against the insured for damages because of such injury or death resulting therefrom."
On January 10, 1984, the motion was granted as to INA; and on March 9, 1984, the motions were granted dismissing the suit against Lloyds and Harbor.
Plaintiff, Billy Armstrong, thereafter perfected an appeal of those judgments.
The issue for review is whether the thirty-six month exclusion violates public policy insofar as worker's compensation is concerned, and whether the provision conflicts with LSA-R.S. 22:629.[1]
The precise question presented for our review has not been previously considered by the Louisiana courts, although appellee cites several Louisiana cases which have found in other types of policies, clauses containing "claims made" or "discovery" provisions not to be against public policy, i.e., Oceanonics, Inc. v. Petroleum Distributing Company, 292 So.2d 190 (La. 1974) [general liability policy]; Livingston Parish School Board v. Fireman's Fund American Insurance Company, 282 So.2d 478 (La.1973) [professional liability policy]; Cormack v. Prudential Insurance Company of America, 259 So.2d 340 (La.App. 4th Cir.1972) writ refused 261 La. 824, 261 So.2d 230 (La.1972) [health and accident policy]. We find those cases inapplicable for the reasons that the parties involved in those disputes over coverage were the parties to the contract; and also because the types of policies involved in those decisions did not involve the special considerations the courts must utilize to determine an injured worker's rights.
In further support of the summary judgments, appellees cite a federal decision which directly addresses both public policy and the question of whether the thirty-six month exclusion violates LSA-R.S. 22:629 subd. A(3) found in the insurance code. In that case, Scarborough v. Travelers Insurance Company, 718 F.2d 702 (5th Cir. 1983), the federal Fifth Circuit analyzed and analogized the above-mentioned Louisiana cases, and found that the thirty-six-month provision is not against the public policy of Louisiana. The court further found that the provision does not violate LSA-R.S. 22:629, subd. A(3) for the reason that the statute limits the right of the insurer to reduce the time period within which the insured (or the injured party) can bring suit against the insurer. The thirty-six-month provision, the court held on the contrary, places no time limit on the right to bring suit, but defines the "duration of the covered risks" provided by the policy.
After reviewing the Scarborough case, we conclude that the decision is likewise inapplicable to the facts herein for one of the reasons the Louisiana cases are distinguishable; that is, that the court addressed the issues vis-a-vis the rights of the contracting parties (i.e., the employer as against the employer's insurer.). The effect *1334 of the thirty-six month provision on the worker, not before the court in Scarborough, is subject to other consideration in light of the statutory protections of the worker's compensation statutes. Insofar, however, as Scarborough may be interpreted to imply or infer that the same result applies to the worker, we cannot agree with the decision as we find the provision invalid in these circumstances.
It must be recognized that the compensation of injured workers is an area specially regulated by the Louisiana legislature in LSA-R.S. 23:1021-23:1351, which is commonly known as the worker's compensation act. Furthermore, the legislature, through its promulgation of an insurance code, specifically regulates the insurance industry for the purpose of protecting the public interest. LSA-R.S. 22:1-22:1912. Worker's compensation insurers are subject to the general provisions of the insurance code and are further regulated by special provisions in the worker's compensation act, in particular LSA-R.S. 23:1161-23:1182.
As a matter of policy, the worker's compensation act in general is designed to balance the interests of the worker and the employer, with the theoretical concurrent benefit to the public of reducing the cost of doing business. Under the act, the employee is forced to relinquish his right to recover for injuries in tort and receive damages possibly more in line with the injury; in exchange the workman receives the benefit of faster compensation without the difficulties inherent in tort litigation. The employer who is forced to pay, except in very limited circumstances, is not burdened by high awards which could put the company out of business. Theoretically, the public benefits in that the integrity of the business community is maintained, injured workmen are compensated quickly and the cost of doing business remains reasonable with the result that the prices of goods and services do not overburden the consumer.
Occupational diseases such as silicosis and asbestosis are long-term developing diseases which, because of their medical nature, involve symptoms which appear gradually. These diseases are unique and have in the past caused problems for the plaintiff in seeking recovery. In an effort to remedy some of the problems, the legislature provides a specific right to recover for these illnesses and provides that the right of action for occupational diseases accrues where there is:
(1) manifestation, (and)
(2) disability, (and)
(3) knowledge that the disease is occupationally related.
The workman is then given six months in which to file a claim. LSA-R.S. 23:1031.-1(E), (F)[2]
In regard to insurers of worker's compensation liability, the liability of the insurer is the same as the insured and that liability is an issue of fact which must be determined in the trial court. Most importantly, those companies who choose to write compensation insurance do so for the benefit of the employee under the worker's compensation act. LSA-R.S. 23:1162, in particular, states that:
A. No policy of insurance against liability arising under this Chapter shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to compensation all installments of the compensation that may be awarded or agreed upon, and that this obligation shall not be affected by any default of the insured after the injury, or by any default in the giving of any notice required by such policy, or otherwise. This agreement shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name. No policy of insurance against liability under this Chapter shall be made unless the policy covers the entire liability of the employer; provided, that as to the question of the liability as between the employer and the insurer the terms of the insurance contract shall govern, and provide, further, that a contract of indemnity may be issued to an employer *1335 qualified as a self-insured under this Chapter, by which contract an insurer may undertake to indemnify such employer against loss or losses arising with respect to his obligations under this Chapter in excess of a stated or determinable amount.
B. When an employer is engaged in more than one business for the purpose of insurance against his liability under this Chapter, each separate and distinct business may be covered by separate policies.
C. All policies insuring the payment of compensation must contain a clause to the effect that as between the employee and the insurer, the notice of the insured or the knowledge of the occurrence of the injury on the part of the insured, shall be deemed to be notice or knowledge on the part of the insurer, as the case may be.
D. The insurer shall be subrogated to all rights and actions which the employer is entitled to under this Chapter. As amended Acts 1962, No. 457, § 1. (Emphasis added)
Under this statute, the worker is provided protections superior to the insurance contract rights of the employer and insurer and the right to recovery overrides any limitations if he is as a factual matter entitled to recover. The worker's compensation insurer is bound to cover the entire liability of the employer. The insurer is obligated to pay regardless of any default on the employer's part; and notice of the illness or injury to one, or the knowledge of one, is imputed to the other. Where a dispute as to liability arises between the employer and insurer, the terms of the contract govern and are enforceable. Thus, as to the effect of this agreement between the contracting parties (as is the situation in those cases cited in Louisiana approving "claims made" provisions and the Scarborough case) the provision may be justifiable and reasonable. However, because the act clearly seeks to compensate the employee for the unique and problematic disease of silicosis and asbestosis, a restriction by an insurance provision which denies coverage unless a claim is brought within a certain period has the potential effect of barring recovery in direct violation of the worker's compensation act, in particular LSA-R.S. 23:1162. It is furthermore indirectly repugnant to LSA-R.S. 22:629, subd. A(3) of the insurance code since it limits the worker's right to sue before the action accrues in respect to all insurances, including worker's compensation. Consequently, insofar as the thirty-six month limitation penalizes or adversely affects the right of recovery of a statutorily protected worker suffering from an occupational disease, we find the provision void.
Accordingly, after a review of the law and evidence, the summary judgments granted to defendants Certain Underwriters At Lloyds of London, Harbor Insurance Company and Insurance Company of North America are hereby reversed. Cost of appeal is to be assessed proportionately between defendants-appellees.
REVERSE.

ON APPLICATION FOR REHEARING
PER CURIAM.
Defendant-appellees, Certain Underwriters at Lloyds of London (Lloyds); Harbor Insurance Company (Harbor) and Insurance Company of North America (INA) filed a motion for rehearing after an opinion by this court reversed the trial court's granting summary judgment in their favor. In this respect, appellees reurge their original arguments as well as pointing out a fact not considered originally and which appellees assert provides a basis for re-argument.
Briefly, the case involves an interpretation of a 36 month exclusion clause in a contract of worker's compensation and employer's liability insurance executed between a former employer of plaintiff-appellant and the defendant-appellees.[1]
*1336 In reversing the trial court judgment which granted summary judgment in appellees' favor, we found the provision to be directly in conflict with the public policy inherent in the Louisiana Worker's Compensation Act[2] and indirectly repugnant to the public policy underlying the Louisiana Insurance Code.[3]
Appellee, however, argues that the provision which is found under Coverage B of the policy is a maritime provision and thus our decision premised upon application of the Louisiana public policy is faulty as the case falls solely within the law of admiralty. After our review, we find that the provision does appear to relate to maritime claims; however we also find that this factor does not change our result.
The plaintiff-appellant alleges a seaman status in his petition, but that fact has not yet been established. Determination of a plaintiff's status as a seaman is a mixed question of law and fact. Crador v. La. Dept. of Highways, 625 F.2d 1227 (5th Cir.1980) writ den., 452 U.S. 915, 101 S.Ct. 3048, 69 L.Ed.2d 417. The jurisprudence provides that under certain circumstances an appellate court may make that determination without a factual finding by the trial court, but that is only appropriate when the record clearly reveals facts showing plaintiff to be either within or without the ambit of admiralty jurisdiction. Bouvier v. Krenz, 702 F.2d 89 (5th Cir.1983). The record is not clear in this case, thus as a vital factual matter is yet to be resolved, the summary judgments are particularly inappropriate. Consequently, we pretermit the question of the viability of the 36 month provision in the context of admiralty law until such time plaintiff's seaman status is established.
Insofar as our opinion disposed of appellee's other arguments, and insofar as a trial on the merits may result in a finding that plaintiff-appellant is entitled to relief under Louisiana law, we find that neither a rehearing nor a reversal is warranted.
For the foregoing reasons, therefore, the motion for rehearing is hereby denied.
REHEARING DENIED.
NOTES
[1] LSA-R.S. 22:629 provides, in pertinent part, that:

"A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement: ...
"(3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this Code."
[2] As amended by Act 666 of 1980, effective July 24, 1980.
[1] The facts are more fully delineated in Armstrong v. Certain Underwriters at Lloyd's of London, et al., 463 So.2d 1327 (La.App. 5th Cir.1984).
[2] LSA-R.S. 23:1021 et seq.
[3] In particular see LSA-R.S. 22:629.