488 So.2d 349 (1986)
Charles Oliver COBB, Plaintiff-Appellee,
v.
EMPIRE FIRE AND MARINE INSURANCE COMPANY, Defendant-Appellant.
No. 85-474.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
Stafford, Stewart & Potter, Brad Gadel, Alexandria, for defendant-appellant.
Hill & Leavoy, Leslie R. Leavoy, Jr., David E. Stone, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX and YELVERTON, JJ., and JACKSON, J. Pro Tem.[*]
*350 YELVERTON, Judge.
The issue presented by this case is whether the fee of an attorney consulted by the insured before the insurer provided its own attorney may be taxed to the insurer as a cost of its duty to defend the insured.
Charles Cobb, the plaintiff in this suit, was involved in a vehicular accident in February of 1982. At that time Cobb was employed by Petroleum Transport Company whose insurer was the present defendant, Empire Fire and Marine Insurance Company. Approximately 11 months later Cobb received a summons and complaint in the mail notifying him that he was a defendant in a federal court suit resulting from the accident. The notice of the suit contained an acknowledgement of receipt of summons and complaint which Cobb was to complete and return within 20 days.
As Cobb had been suspended from his job, he was hesitant to contact Petroleum about the suit. He therefore went to see David Stone, an attorney, for legal advice. Stone eventually got in touch with the insurer, Empire, whose headquarters was in Omaha, Nebraska. Stone spoke with James L. Rosse, the regional claims supervisor for Empire. Rosse was not aware that suit had been filed and told Stone he would have to check into things. Rosse subsequently contacted Stone and informed him that Cobb would be provided with a defense. Stone relayed this information to Cobb, then prepared a bill for his services of $75. Stone told Cobb that the bill would probably be paid by Empire. Empire, however, refused to pay Stone's fee, and this suit resulted.
After trial on the merits judgment was rendered in favor of Cobb for the amount of the bill plus additional attorney's fees of $750 for the trial work. Empire Fire and Marine appealed. We reverse.
It is well settled that failure of an insurer to defend a suit as contemplated by the policy renders the insurer liable for all expenses incurred by an insured in defense of an action, including reasonable attorney's fees. Smith v. Insurance Co. of State of Pennsylvania, 161 So.2d 903 (La.App. 1st Cir.1964).
The insurer's duty to provide a defense does not arise, however, until notice of litigation. Moskau v. Insurance Co. of North America, 366 So.2d 1004 (La. App. 1st Cir.1978). Here, the notice of the federal lawsuit was served upon Cobb on March 17, 1983. Although it would be reasonable to assume that such notice was given to Empire as a co-defendant along about that time, there is no evidence in this record as to when such notice was actually received. The deposition testimony of James Rosse establishes that the first he heard of the suit was the phone call he got from Stone on March 23, 1983. This is the only evidence in this record concerning Empire's notice of litigation. Empire's contractual duty to Cobb did not even exist at the time of Cobb's consultation with Stone. We further note that the services performed by Stone in no way contributed to the defense of the federal action. There was no legal basis for assessing the Cobb-Stone consultation to Empire.
For these reasons, the judgment below must be reversed. The costs below and on this appeal are to be paid by Cobb.
REVERSED.
NOTES
[*] Judge Robert P. Jackson of the Ninth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.