536 So.2d 816 (1988)
GULLY & ASSOCIATES, INC. and Durward Gully Contractor, Inc.
v.
WAUSAU INSURANCE COMPANIES, et al.
No. CA 87 1430.
Court of Appeal of Louisiana, First Circuit.
December 20, 1988.
Michael H. Rubin, Baton Rouge, for plaintiffs-appellants, Gully and Associates, Inc., Durward Gully Contractors, Inc., and Durward Gully.
William L. Schuette, Jr., Baton Rouge, for defendants-appellees, Employers Ins. Co. of Wausau and Illinois Employers Ins. Co. of Wausau.
*817 Ashton O'Dwyer, Jr., New Orleans, for defendants-appellees, Home Ins. Companies and Home Ins. Co.
William Willard, Baton Rouge, for defendant-appellee, Scottsdale Ins. Co.
Richard Zimmerman, Baton Rouge, for defendant-appellee, INA Underwriters Ins. Co. a/k/a Cigna Ins. Co.
Brad G. Theard, New Orleans, for defendant-appellee, Great American Ins. Co.
John W. Perry, Jr., Baton Rouge, for defendant-appellee, Hartford Ins. Co.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
This case involves a single issue: Whether a liability insurer must reimburse its insured for defense costs and attorney fees incurred in defending a claim prior to the date on which the insured notifies the insurer of the claim. The trial court held that the insurer was not responsible for the defense costs and attorney fees incurred prior to the notification of the claim. We affirm.
Gully and Associates, Inc. (Gully) filed suit against Employers Insurance Company of Wausau (Employers) on March 12, 1986, seeking recovery of defense costs and attorney fees associated in defending a warranty claim asserted against Gully in the case entitled "Michael Laliberte, et ux v. Meredith Corporation, et al.", No. 295,030, Division "G", Nineteenth Judicial District Court. The Laliberte suit was filed on November 14, 1985. Gully, through its personal attorneys, responded to the suit by filing exceptions of no cause of action and prescription and conducting discovery connected with those exceptions. Arguments on the exceptions were heard on February 21, 1986, and the claim against Gully was dismissed with a judgment of dismissal being signed on February 24, 1986.
Although the Laliberte suit was filed on November 14, 1985, Gully did not notify Employers of the Laliberte claim or the pending litigation until January 28, 1986. Since the hearing on the exceptions were already scheduled for February 21, 1986, Employers agreed to allow Gully's personal attorneys to continue handling the matter. Employers never denied coverage under the policies of insurance issued to Gully for the Laliberte claim. However, Employers denied responsibility for legal fees and costs incurred prior to notification of the claim. The present lawsuit arises out of a dispute over the defense costs and attorney fees amounting to $3,676.75 for the defense of the Laliberte suit. Gully paid this amount to its personal attorneys and then sued Employers for reimbursement.
Employers answered this suit denying liability, and subsequently filed a motion for partial summary judgment seeking dismissal of Gully's claims insofar as they represent an attempt to recover for attorney fees and defense costs incurred prior to January 28, 1986, the date on which Gully notified Employers of the existence of the Laliberte claim. Gully filed a cross motion for summary judgment seeking an award of all the attorney fees demanded including those incurred both before and after January 28, 1986.
Arguments on the motions were heard on June 26, 1987. After the arguments, the trial court granted Employers' motion for partial summary judgment and denied Gully's cross motion for summary judgment. Judgment was signed on July 27, 1987. Gully subsequently filed a motion for devolutive appeal.
Initially, we note that despite Gully's contention that Employers did nothing with regard to a defense upon receipt of notification of the Laliberte claim, we feel that Employers was reasonable in allowing Gully's personal attorneys to continue handling the hearing on the exceptions which had already been scheduled. Employers does not dispute its liability for attorney fees and defense costs subsequent to the date of notice, which amounted to $1,218.05.
The policies of insurance provided by Employers to Gully stated that Employers had the "right and duty to defend any suit against the insured." However, Gully did *818 not notify Employers of the suit as provided by the policies of insurance: "If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." (Emphasis added.)
Gully does not deny its failure to immediately notify Employers. Instead, Gully contends that Employers was not prejudiced by the late notification. Gully relies on Louisiana jurisprudence holding that delayed notice of a claim does not relieve the insurer of the obligation to provide coverage and to defend unless the insurer can prove that it was actually prejudiced by the delay. Moskau v. Insurance Company of North America, 366 So.2d 1004 (La.App. 1st Cir.1978); Heimbaugh v. Federal Insurance Company, 281 So.2d 839 (La.App. 1st Cir.), writ denied, 283 So.2d 771, 772 (La.1973); Miller v. Marcantel, 221 So.2d 557 (La.App. 3d Cir.1969). We do not believe this jurisprudence disposes of the matter before us since Employers is not denying coverage or trying to use the late notification as a basis for denying coverage.
We stated in Moskau, 366 So.2d at 1006, that the insurer's duty to provide a defense does not arise until the insurer receives notice of the litigation. Employer's contractual duty to Gully did not exist between November 14, 1985, (the date the Laliberte suit was filed) and January 28, 1986, (the date Employers was notified of the Laliberte suit). Therefore, Employers is not responsible for the legal fees and costs incurred prior to the notification date.
The Second and Third Circuits have reached the same result in similar cases. Cobb v. Empire Fire and Marine Insurance Company, 488 So.2d 349 (La.App. 3d Cir.1986); Payton v. St. John, 188 So.2d 647 (La.App. 2d Cir.1966). In Cobb, the court found that the insurer had no duty to pay attorney fees until notice was given. In Payton, the court relieved the insurer of any obligation to pay attorney fees prior to notice. The court based its ruling on the insured's breach of its contractual duty to report the lawsuit. The trial judge in the case sub judice relied on Cobb in determining that Employers was not liable for pre-notification defense costs and attorney fees. The trial court did not err in this determination.
For these reasons, the judgment of the trial court is affirmed. The costs of this appeal are to be paid by Gully.
AFFIRMED.