551 So.2d 790 (1989)
Donald Robert ROVIRA
v.
LaGoDa, INC., Larry Bolner and Mary Bolner.
No. 89-CA-206.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1989.
Writ Denied January 5, 1990.
*791 Hulse, Nelson & Wanek, Al M. Thompson, Jr., New Orleans, for Nat. Fire Ins. Co. of Hartford, appellant.
Stanga & Mustian, P.L.C., Alonzo T. Stanga, III, Metairie, for LaGoDa, Inc., appellee.
Before CHEHARDY, C.J., and DUFRESNE and THOMAS C. WICKER, JJ.
CHEHARDY, Chief Judge.
The worker's compensation insurer refused to defend the insured employer on a wrongful discharge claim. The district court awarded the employer attorney's fees but denied its claim against the insurer for indemnification. The insurer appeals the award, the insured answers seeking an increase. With slight amendment, we affirm the district court judgment.

FACTS
LaGoDa, Inc., is a heating and air-conditioning service and installation business. On December 29, 1986, plaintiff, Donald Rovira, experienced an on-the-job back injury while employed with LaGoDa. He claimed and collected worker's compensation benefits for six weeks' disability. Rovira returned to work on February 16, 1987; three days later he was dismissed from his job.
Rovira brought suit against LaGoDa and its officers, Larry and Mary Bolner, seeking damages for wrongful discharge. Plaintiff alleged that he had been fired without just cause or for filing a worker's compensation claim. LaGoDa answered the petition, responding that Rovira had been discharged for cause because he had falsified his employment application, had damaged his employer's and customer's property, and for overall unsatisfactory job *792 performance. By third-party demand, LaGoDa sought indemnity and costs of defense from its insurer, National Fire Insurance Company of Hartford, on the basis of its worker's compensation/employer's liability policy. National Fire answered, denying that Rovira's claims were covered under its policy.
Rovira amended his petition to name National Fire and claimed that the insurer was liable for LaGoDa's wrongfully discharging him. National Fire again denied coverage and claimed indemnity from LaGoDa for any sums that it might be required to pay plaintiff.
Rovira settled his claim against LaGoDa for $1,500 and dismissed the corporation as a defendant in suit. Larry and Mary Bolner were dismissed on exception. After trial the district court granted judgment in favor of National Fire against plaintiff on the main demand, finding that Rovira had not proved his claim for damages for retaliatory discharge against the insurer. Consequently the judge dismissed National Fire's third-party demand against LaGoDa as moot. On LaGoDa's third-party demand, the court granted judgment against National Fire and awarded LaGoDa $4,366.70 in attorney's fees, plus costs and interest.
National Fire appeals the fee award, arguing that because the policy issued to LaGoDa excluded coverage for Rovira's claim of retaliatory discharge, the district court acted erroneously in awarding attorney's fees. Alternatively, appellant contends that the fee award is excessive in that it includes charges unrelated to LaGoDa's defense against Rovira's claim. LaGoDa answers the appeal and seeks recovery of the $1,500 it paid in settlement of the wrongful discharge claim. Appellee prays for an additional $5,000 in fees for conduct of the trial and appeal.

DUTY TO DEFEND
National Fire argues in brief that it properly refused to defend the suit because the compensation policy issued to LaGoDa excluded coverage for Rovira's claims. The jurisprudence dictates that the onus of an incorrect denial of coverage lies with the insurer.
The insurer's duty to defend a suit brought against its insured is determined by the allegations of the plaintiff's petition. The insurer is obligated to furnish a defense unless the petition unambiguously and absolutely excludes coverage. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969); Cute-Togs of N.O. v. La. Health Ser., Etc., 386 So.2d 87 (La.1980). If the allegations made against the insured, taken as true, would result in liability on the part of the insured that is unambiguously not covered by the policy, then the insurer has no duty to defend. Otherwise the insurer must provide a defense for its insured regardless of the final outcome of the underlying suit. Bourque v. Lehmann Lathe, Inc., 476 So.2d 1129 (La.App. 3 Cir.1985).
An interpretation of coverage under the policy is favored by law. Exclusions are read strictly in favor of the insured. Where more than one interpretation of an exclusion is reasonable, that affording coverage is adopted. Any limitation on coverage must be clear and express so as to inform the insured that it must take special measures to obtain other protection. Hebert v. First American Ins. Co., 461 So.2d 1141 (La.App. 5 Cir.1984). Where the pleadings allege coverage, even though in fact there is no coverage, the insurer may be cast for the insured's expenses in defending the suit. Hanover Ins. Co. v. Highlands Ins. Co., 511 So.2d 1296 (La.App. 2 Cir.1987).
In petition Rovira claimed that LaGoDa had discharged him without just cause. Alternatively, plaintiff contended that he was fired in violation of LSA-R.S. 23:1361, which imposes a civil penalty against an employer who is found to have discharged an employee for asserting a worker's compensation claim. National Fire based its refusal to defend on policy language which holds the insured responsible for payment due an employee discharged in violation of the compensation law.
*793 The district court found that LaGoDa had proved its third-party demand. That is, it found that National Fire should have defended LaGoDa against Rovira's claims, and so awarded defense costs. This ruling presupposes a finding that the policy in question did not unambiguously exclude coverage for Rovira's claims. We find that the district court was correct in its interpretation of the policy.
National Fire's compensation policy provides:
"Workers Compensation Law means the workers or workmen's compensation law and occupational disease law of each state or territory named in item 3.A. of the Information Page. It includes any amendments to that law which are in effect during the policy period. It does not include the provisions of any law that provide nonoccupational disability benefits.
* * * * * *
Terms of this insurance that conflict with the workers compensation law are changed by this statement to conform to that law.
* * * * * *
We will pay promptly when due the benefits required of you by the workers compensation law.
* * * * * *
We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits."
The provisions on which National Fire relied in denying coverage state:
"Payments You Must Make
You are responsible for any payments in excess of the benefits regularly provided by the workers compensation law including those required because:
1. of your serious and willful misconduct;
* * * * * *
4. you discharge, coerce or otherwise discriminate against any employee in violation of the workers compensation law.
If we make any payments in excess of the benefits regularly provided by the workers compensation law on your behalf, you will reimburse us promptly."
The policy as issued is amended in all respects to comply with the worker's compensation law. Within that confine, the insurer pays benefits due an employee under the law and must defend any claim for those benefits. The insured pays excess benefits due unless the insurer pays them, in which case the insured reimburses it. Neither "benefits" nor "payment" is defined in the policy.
With respect to the petition and the policy, the following conclusions regarding coverage can be drawn. If LaGoDa fired Rovira without just cause, National Fire makes any payment due. If the absence of just cause was the result of LaGoDa's willful misconduct, either the insured makes the payment or it reimburses National Fire for payments made. If LaGoDa fired Rovira in violation of LSA-R.S. 23:1361, and the benefits recoverable by the employee are those due under the compensation law, National Fire pays them. If the benefits due are in excess of those legally provided for, then either LaGoDa pays or National Fire pays and obtains reimbursement from LaGoDa.
That the analysis of the policy provisions is convoluted serves to emphasize our conclusion: National Fire's worker's compensation policy does not unambiguously exclude coverage for Rovira's claims so as to negate the insurer's duty to defend. At the point that LaGoDa was sued and called on National Fire for a defense and coverage, the insured could ultimately have been cast for sums not resulting from retaliatory discharge; National Fire had a duty to respond.
Had National Fire intended to write a policy whereby it could divorce itself from responsibility for participation in any employee discharge claim, however frivolous or brought on whatever basis, it had the power to do so. This is not strictly what the policy before us states. The limiting *794 language is not designated as an exclusion so as to alert the insured that National Fire will not respond to any claim of discharge. The policy is ambiguous, therefore the duty to defend existed. Armstrong v. Land & Marine Applicators, 463 So.2d 1327 (La. App. 5 Cir.1984).

PUBLIC POLICY
National Fire argues that neither the law nor public policy requires insurance coverage for a retaliatory discharge claim. LSA-R.S. 23:1162 provides in part:
"No policy of insurance against liability under this Chapter shall be made unless the policy covers the entire liability of the employer; provided, that as to the question of the liability as between the employer and the insurer the terms of the insurance contract shall govern...."
National Fire's policy is amended to adopt and to comply with all aspects of the compensation law. Preliminarily, it responds to provide coverage for the entire liability of the employer under this law, including, or at least not precluding, a claim for benefits under LSA-R.S. 23:1361. Armstrong v. Land & Marine Applicators, 463 So.2d 1331 (La.App. 5 Cir.1984); and see H. Alston Johnson, Workers' Compensation, 47 La.L.Rev. 532 (1987). The statute permits a limitation between the employer (insured) and the insurer, governed by the terms of the contract. As between the employee and the insurer, the former is entitled to full coverage; the insurer must respond to any liability of the employer. Pierson v. Aetna Casualty Surety Company, 184 So.2d 572 (La.App. 1 Cir.1966). Therefore, with respect to Rovira's claims in petition, National Fire responds to any claim against LaGoDa. As between LaGoDa and National Fire, the insurer neglected to provide an unambiguous policy so as to successfully limit its liability.
Appellant cites Vallier v. Oilfield Const. Co. Inc., 483 So.2d 212 (La.App. 3 Cir. 1986), wherein the Third Circuit held that sums due an employee under LSA-R.S. 23:1361 did not constitute worker's compensation benefits. The court found that the policy did not provide coverage for plaintiff's retaliatory discharge claim under a specific policy exclusion: "[T]he insurance afforded by this endorsement does not cover fines or penalties imposed on the insured for failure to comply with the requirements of any workmen's compensation law." (Emphasis in original). While we express no opinion on the conclusion that employee recovery under LSA-R.S. 23:1361 is not a benefit, we do observe that the policy before that court contained a specific and unambiguous exclusion of coverage. When an insurer's liability to its insured is limited, "the terms of the insurance contract shall govern." LSA-R.S. 23:1162. In the case before us, National Fire's policy does not explicitly exclude coverage for Rovira's claims against LaGoDa.
The Employers Liability section of National Fire's policy responds to employer liability not covered by the worker's compensation act. Appleman, Insurance Law and Practice (Berdal ed.) § 4571. These are employee claims brought under the theory of maritime tort. The section is not applicable to our coverage inquiry.

ATTORNEY'S FEES
National Fire alternatively contends that if the imposition of the fee award is affirmed, the amount of the award is excessive and should be reduced. Appellant argues that LaGoDa should not recover either defense fees it incurred before notifying National Fire of Rovira's pending claim, or fees charged for other than the defense of Rovira's claim. In answer to appeal, LaGoDa seeks an increase in the fee award to include fees incurred in the trial and appeal of the suit. None of the arguments set forth in brief support a change in the district court judgment.
The duty to defend arises when the insurer receives notice of the litigation. Delayed notice of a claim relieves the insurer of the obligation if it was actually prejudiced by the delay. Gully & Associates v. Wausau Ins., 536 So.2d 816 (La.App. 1 Cir.1988). National Fire has not shown that it was prejudiced by the 20-day lapse between Rovira's filing of suit and LaGoDa's *795 notice of claim and request for defense. The attorney's fees that LaGoDa incurred during this time are recoverable.
National Fire argues that LaGoDa's recovery is limited to fees incurred in its own defense against the wrongful discharge claim and that recovery of fees accumulated in defending the Bolners and in prosecuting the demand for defense should be disallowed and deducted from the award. Appellant's reasoning is unpersuasive.
At trial, LaGoDa introduced four invoices reflecting professional services rendered by its attorney in defending against Rovira's claim. National Fire provided no testimony or evidence to refute the validity of the invoices, to contradict the value of the services or to rebut the contention that the fees were costs of defending the wrongful discharge claim. In this court, National Fire offers no proof that the fees are excessive. Instead, it points to isolated descriptions of services and makes vague and conclusory arguments that the services are not defense-based. The evidence that National Fire does submit, copies of the invoices, bears no indication of the attorney's hourly rate charge or the number of hours he expended in defending LaGoDa.
Appellee, conversely, seeks an equitable increase in the fee award to offset its trial and appeal costs. Aside from raising the issue it offers no factual basis for an increase in the award.
Finding that National Fire had breached its defense duties, the district court awarded LaGoDa attorney's fees of $4,366.70. Considering the nature and circumstances of the principle demand, we cannot say that the award is unjust, unreasonable or erroneous. Turner v. Winn Dixie Louisiana, Inc., 474 So.2d 966 (La.App. 5 Cir.1985); Little v. Kalo Laboratories, Inc., 424 So.2d 1065 (La.App. 2 Cir.1982). Our independent review of the record convinces us that the sum awarded compensates LaGoDa in a more-than-adequate fashion. The district court award of attorney's fees in favor of LaGoDa is affirmed. Appellee is not entitled to recover an additional fee award. LSA-C.C.P. art. 2164.

INDEMNIFICATION
By answer to appeal LaGoDa seeks recovery of the $1,500 it paid to Rovira in settlement of the retaliatory discharge claim. The district court denied indemnification; we agree.
Appellee does not cite any jurisprudence that specifically supports its recovery of the settlement sum. Where a claim is based on a written contract of indemnity or insurance, the indemnitee must show potential, rather than actual, liability on his part in order to recover from the indemnitor. Terra Resources, Inc. v. Lake Charles Dredging & Towing Inc., 695 F.2d 828 (5th Cir.1983).
LaGoDa denied liability to Rovira in its answer and third-party demand. It compromised the wrongful discharge claim with plaintiff for what it characterizes in brief as a nuisance value settlement confected primarily to halt the accrual of additional defense costs rather than to avoid the imposition of an adverse liability judgment. At trial LaGoDa's participation was confined to proof of its entitlement to defense costs. Counsel elicited testimony from the Bolners indicating that they had notified National Fire of Rovira's claim, had requested that the insurer defend the suit, and had, at least at the outset, been advised that coverage existed under the policy. Third-party plaintiff did not introduce evidence of its potential liability to Rovira for retaliatory discharge.
It is apparent that, in denying indemnification, the district court found that LaGoDa had not proved its potential liability on which to found such recovery. We agree. We also note that there has been no definitive finding that coverage under the policy exists. LaGoDa, therefore, cannot obtain reimbursement of the settlement sum on the basis that it paid a covered claim.

PENALTIES
LaGoDa did not pray for the assessment of penalties in its answer to appeal. It raises this request in brief, citing LSA-R.S. 22:658. We read the statute as allowing for the imposition of penalties against an *796 insurer for failure to pay benefits after satisfactory proof of loss. There has been no finding of either benefits due or loss proved. The issue at trial and on appeal is the duty of defense. While Frederick v. Electro-Coal Transfer Corp., 548 F.Supp. 83 (E.D.La.1982), imposes a penalty for the insurer's failure to defend, the district court in that case found that the insurer's breach of duty was arbitrary and capricious. There has been no such finding against National Fire. LaGoDa is not entitled to an award of penalties.

CONCLUSION
For the above-outlined reasons, the district court award of attorney's fees of $4,366.70 in favor of LaGoDa is affirmed. LaGoDa's plea for increased fees and recovery of indemnification and penalties is denied. The judgment is amended to reflect that interest on the fee award runs from the date of judgment rather than from the date of judicial demand. Bink v. Blackwell, 432 So.2d 296 (La.App. 5 Cir. 1983); Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978). Costs are assessed against National Fire Insurance Company of Hartford.
AMENDED AND AFFIRMED.