747 So.2d 804 (1999)
Clara HUBBS
v.
ANCO INSULATIONS, INC., McCarty Corporation, A C & S, Inc., Armstrong World Industries, Fibreboard Corporation, Flintkote Company, GAF Corporation, Owens-Corning Fiberglass Corporation, Pittsburgh Corning Corporation, Owens-Illinois, Inc, Rockwool Manufacturing Company, and T & N, PLC.
No. 98 CA 2570.
Court of Appeal of Louisiana, First Circuit.
December 28, 1999.
*805 Robert Urann, Metairie, George Covert, Baton Rouge, for Clara Hubbs.
Gary Kraus, Lafayette, for Newark Insurance Company.
A. Wendel Stout, III, New Orleans, for Armstrong World Ind., GAF Corp., and T & N, PLC.
Julie Robles, Metairie, Thomas Balhoff, Baton Rouge, for Anco Insulations.
John Hainkel, New Orleans, James H. Powers Houston, TX, for Fibreboard Corp., Owens Corning Fiberglass Corp., and Pittsburgh Corning Corp.
J. Warren Gardner, Jr., New Orleans, Gaye Currie, Jackson, MS, for Acands, Inc.
Jack Culotta, Metairie, for The Flintkote Co.
John Cosmich, Jackson, MS, for Owens Illinois, Inc.
Susan Kohn, New Orleans, for The McCarty Corp.
Catherine I. Chavarri, New Orleans, for Rockwool Mfg. Co.
Before: SHORTESS, PARRO, and KUHN, JJ.
SHORTESS, J.
Charles L. Hubbs worked as an insulator for Anco Insulations, Inc., and McCarty Corporation between 1961 and 1970. He died February 20, 1993, of asbestosis. His widow, Clara Hubbs (plaintiff), filed a wrongful-death suit against Anco and McCarty, as well as numerous asbestos *806 manufacturers. Anco filed a third party demand against Newark Insurance Company and American and Foreign Insurance Company (Insurers). Anco alleged that from January 1, 1965, to January 1, 1970, Newark provided workers' compensation and liability coverage to Anco, and from January 1, 1970, to January 1, 1971, American and Foreign provided coverage. Plaintiff then added Insurers as additional defendants.
Anco filed a motion for summary judgment, seeking a declaration that Insurers' policies provided coverage. The trial court granted the motion. Insurers appeal.[1]
The policies in question provided coverage for bodily injury by accident or disease. If asbestosis is considered bodily injury by accident, there is coverage. But if it is bodily injury by disease, it is excluded under the policy unless a written claim was made or suit was brought against the insured "prior to thirty-six months after the end of the policy period." Suit was filed in 1993, and Insurers denied coverage, citing the thirty-six month exclusion. In its third party demand, Anco contended that asbestosis was injury by accident and was thus covered by the policy. Alternatively, Anco contended that the thirty-six month exclusion was ambiguous and/or void as against public policy.
The trial court found that the thirty-six month exclusion was an impossible resolutory condition that should be regarded as not written because "no insured could file a claim within the mandatory thirty six months" as "latent injuries such as asbestos related conditions ... do not manifest for years." We note, however, that there was no evidence submitted in support of the motion for summary judgment as to the latency period for asbestosis. Because the trial court's conclusion that the condition was impossible to fulfill is based on evidence outside the record, we are required to find its conclusion is legally wrong.
The trial court also found that the thirty-six month exclusion was null because it contravened public policy, citing Armstrong v. Land & Marine Applicators, Inc.[2] In that 1985 workers' compensation case, the fifth circuit found a similar thirty-six month exclusion invalid because it limited a worker's right to sue for workers' compensation before the cause of action accrued.[3] That case, however, involved a dispute between the worker and the insurer. The court found that as between the employer and the insurer, the terms of the contract governed and were enforceable. The case before us now is purely a case between employer and Insurers, as plaintiff has settled her suit against Anco.
In the Tulane Law Review comment Asbestosis: Who Will Pay the Plaintiff?,[4] the author noted the distinction between interpreting workers' compensation policies and general liability policies:
Workers' compensation laws ... reflect a legislative mandate to protect workers. The underlying rationale of workers' compensation is to shift the loss from the individual worker to the industry because the industry is better able to spread the loss than is the individual worker. This rationale should not affect the interpretation of comprehensive general liability policies meant to protect the industry, not the worker.
Unless there is a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and to impose and enforce reasonable conditions upon the policy obligations they contractually *807 assume.[5] Our supreme court has recently upheld a provision that denied coverage for claims that arose during the policy period but were not reported timely. In Anderson v. Ichinose,[6] the court found no violation of the public policy expressed in Louisiana Revised Statute 22:655 that liability insurance is issued primarily for the protection of the public, noting that the statute does not extend the protection of the liability policy to risks that were not covered by the policy or were excluded thereby.
The Anderson court also looked to the insured's reasonable expectation of coverage. Anco contends in brief that every policy it has obtained since 1962 contains the thirty-six-month exclusion, that its current insurers are denying coverage because the disease was not contracted during their policy periods, and that it never anticipated the possible gap in coverage caused by asbestosis being considered a disease rather than an accident. First, we note there is nothing in the record concerning Anco's current insurance or the denial of claims by other insurers. Second, we note that in 1962 when Anco first obtained insurance coverage, asbestosis was classified as an occupational disease by the Louisiana legislature.[7] Finally, we note Anco presented no evidence that it attempted to obtain any coverage for long-term exposure, such as a claims-made policy with a long retroactive date or optional long-tail coverage.[8]
The policy herein clearly provided that coverage for bodily injury by disease was excluded unless a written claim was made or suit was filed within thirty-six months of the end of the policy period. The policy states that the "contraction of disease is not an accident within the meaning of the word `accident' in the term `bodily injury by accident.'" The trial court found the thirty-six month exclusion prejudices an employer who believes he has purchased protection to cover him against long-term latent injuries like asbestos-related conditions. We find no evidence in the record of Anco's expectations, but we fail to see how, when it purchased coverage in the 1960s, it could reasonably have expected coverage for an asbestosis suit filed in 1993.
Alternatively to the public policy findings, the trial court also found there was coverage because exposure to asbestos fibers constituted an accident under Louisiana jurisprudence, citing Cole v. Celotex Corporation.[9] In Cole, the supreme court determined that the Louisiana Comparative Fault Law, enacted by Act 431 of 1979, did not apply in asbestosis cases where exposure occurred before the effective date of the act. The parties had stipulated that the defendant manufacturers "were all legally at fault in causing plaintiffs' asbestos-related occupational diseases."[10] The court looked to jurisprudential definitions of "accident" for help in defining the term "event" in Act 431. The Cole court did not rule that exposure to asbestosis was bodily injury by accident as defined in a standard employers liability policy.
There is no exclusion of coverage for bodily injury by accident under the policy in question. There is also no exclusion for disease directly resulting from bodily injury by accident, such as tetanus that directly results from stepping on a rusty nail. The thirty-six month exclusion applies to bodily injury by disease. Rarely do we intentionally contract a disease, and most disease results from contact with something, be it a foreign substance, bacteria, or a virus. But to find that disease that *808 results from accidental contact with a foreign body, such as an asbestos fiber, is bodily injury by accident would be to subsume the definition of bodily injury by disease into the definition of bodily injury by accident.
The policy clearly states that contraction of disease is not an accident within the meaning of the policy. We find that contraction of asbestosis is not an accident within the meaning of the policy, and thus the thirty-six month exclusion applies. We must find that the trial court was legally wrong in concluding that the exclusion was an impossible resolutory condition because there was no evidence of the latency period of asbestosis. Finally, we conclude the trial court erred in granting summary judgment based on public policy considerations. Anco failed to show there was no genuine issue of material fact that when it purchased these policies, it reasonably expected coverage for asbestosis cases that might manifest themselves twenty-five years later.
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Anco and against Newark Insurance Company and American and Foreign Insurance Company is reversed. This matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to Anco.
REVERSED AND REMANDED.
KUHN, Judge, concurring.
I agree with the result reached by the majority, however, I write separately to note that Anco, as mover of the motion for summary judgment, failed to make the requisite showings necessary to sustain its burden of proof under La. C.C.P. art. 966C(2).
Genuine issues of material fact preclude the granting of Anco's motion for summary judgment. As the majority indicates, Anco failed to submit evidence of the latency period of asbestosis. Therefore, Anco was not entitled to judgment on the showing made. Anco was also required, as mover, to prove that it had a reasonable expectation to coverage. Because the evidence submitted does not establish what Anco's expectation to coverage was, material issues of fact preclude summary judgment on the issue of whether the thirty-six month exclusion for injuries caused by disease contravenes public policy. Lastly, the trial court's conclusion that the exposure to asbestos fibers Anco's worker suffered constituted an accident was also without evidentiary foundation so as to entitle Anco to a finding that defendant-insurers provided coverage to the employer of asbestosis victim, Charles Hubbs. Without sufficient medical evidence, including that of the latency period of asbestosis, the conclusion of whether Charles Hubb's contraction of asbestosis was an injury by accident or an injury by disease under the insurance policies of defendant-insurers could not be drawn from this record.
Because the record lacked sufficient evidence to support the alternative bases which the trial court buttressed its conclusion that defendant-insurers provided coverage to Anco, I fully agree with the majority's reversal of the judgment granting summary judgment. I do not, however, subscribe to the majority's ruling that "contraction of asbestosis is not an accident within the meaning of the policy," and suggest that it is an unnecessary determination for resolution of the issues raised in this appeal. I expressly note that in reversing the trial court's judgment, the majority does not dismiss defendant-insurers from this suit but simply concludes that the trial court erred in granting summary judgment in light of the showing in this record.
NOTES
[1] The trial court certified the judgment as final and appealable under Louisiana Code of Civil Procedure article 1915(B).
[2] 463 So.2d 1331 (La.App. 5th Cir.1984), writs denied, 466 So.2d 1299 and 466 So.2d 1307 (La.1985).
[3] Id. at 1335.
[4] 57 Tul.L.Rev. 1491, 1501 (1983) (footnote omitted).
[5] Anderson v. Ichinose, 98-2157, p. 4 (La.9/8/99), ___ So.2d ___, ___, 1999 WL 694715.
[6] Id.
[7] La. R.S. 23:1301.1.
[8] See footnotes 3 and 4 in Anderson.
[9] 599 So.2d 1058 (La.1992).
[10] Id. at 1061 (emphasis added).